The opinion of the court was delivered by
Valentine, J.:
This is an original proceeding in habeas corpus, in which the plaintiff, Willis Franklin, charges the defendant, Thomas F. Westfall, with illegally restraining the plaintiff of his liberty, and asking that' he may be released by this court.
From the meager statement of the facts of the case in the pleadings, and the few additional facts as shown by the evidence, the facts of the case, with the questions of law involved, seem to be substantially as follows: On June 8, 1877, the city of Ottawa, a city of the second class, passed an ordinance regulating and restraining the sale of intoxicating liquors. This ordinance provided for the issuing of licenses, under certain conditions, to persons to sell intoxicating liquors, and also provided for the punishment of all persons who should sell intoxicating liquors without a license, or in violation of the ordinance. This ordinance, we think,- was valid at the time it was adopted. We do not perceive any good reason for *616 holding that it is in violation of § 9 of the second-class-city act, which provides, among other things, “That no ordinance shall contain more than one subject, which shall be clearly expressed in its title.” (Comp. Laws of 1879, pp. 165 and 166.) Nor do we perceive any good reason for holding the ordinance to be invalid under any other section of the statutes, or of the constitution; and we think the statutes and the constitution at that time authorized the adoption of just such ordinances; and in this connection, we would refer especially to the following statutes: Section 1 of the dramshop act, (Comp. Laws 1879, p. 386,) and §§ 31,47,48, 49 and 67 of the second-class-city act, (Comp. Laws 1879, pp. 169,173 and 176;) also, article 4 of the second-class-city act relating to the powers and duties of police judges, (Comp, Laws 1879, pp. 178-180.) Since the adoption of this ordinance, § 1 of the dramshop act has been repealed, and § 47 of the second-class-city act has been amended. All the other sections of the statutes above cited still remain in force, except as they have been impliedly . modified or repealed by the adoption of the prohibitory amendment to the constitution in 1880, and the passage of the prohibition act of 1881. (Laws of 1881, pp. 233-244.) And while the repeal of § 1 of the dramshop act, the amendment of § 47 of the second-class-city act, and the adoption of the prohibitory amendment and the passage of the prohibition act, take away .the power of cities of the second class to authorize the sale of intoxicating liquors, or to grant licenses for that purpose, yet we do not think that such repeal, amendment, adoption of the prohibitory amendment, or passage of the prohibition act, takes away the power of cities of the second class to pass ordinances to restrain and prohibit the sale of intoxicating liquors, or at least to punish persons who sell intoxicating liquors in violation of law and of the city ordinances. Section 31 of the second-class-city act is still in force, and it provides, among other things, that a city of the second class may pass “ordinances not repugnant to the constitution and laws of this state, and such as it shall deem expedient for the good government of the city, the preserva *617 tion of the peace and good order, the suppression of vice and immorality, the benefit of trade and commerce, and the health of the inhabitants thereof, and such other ordinances, rules and regulations as may be necessary to carry such power into effect.” Also, § 49 of the second-class-city act is still in force, and it provides, among other things, that “The city council shall have power to enact ordinances to restrain, prohibit and suppress .tippling shops, . . . disorderly houses and practices, . . . and all kinds of public indecencies.” Also, § 67 of the second-class-city act is still in force, and it provides, among other things, that a city of the second class may enact “all such ordinances, by-laws, rules and regulations, not inconsistent with the laws of the state, as may be expedient for maintaining the peace, good government and welfare of the city and its trade and commerce; and all ordinances may be enforced by prescribing and inflicting upon inhabitants, or other persons violating the same, such fine, not exceeding $100, or such imprisonment, not exceeding three months, or both such fine and imprisonment as may be just for a.ny one offense, recoverable.with costs of suit, together with judgment of imprisonment until the fines and costs be paid or satisfied; and any person committed for the non-payment of fine and costs, or either, while in custody may be compelled to work on the streets, alleys, avenues, areas and public grounds of the city, .under the direction of the street commissioner, or other proper officer, and at such rate per day as the council may by ordinance prescribe, until such fine and costs are satisfied.”
On December 24, 1881, Willis Franklin, the petitioner in this case, sold and retailed intoxicating liquors in a certain building in Ottawa, Kansas, known as '“Franklin’s barber shop,” without having any license ór permit therefor, and in violation of law, and of the said city ordinance. Afterward, he was arrested and prosecuted before the police judge of said city, for the violation of said ordinance; and on February 21, 1882, after a trial had been duly had, was found guilty and sentenced by the police judge to pay a fine of $100, and to pay the costs of the suit, taxed at $24.70, and to stand *618 committed to the county jail until the fine and costs were paid; and in default of payment, to perform one hundred and twenty-four and seven-tenths days’ work, under the charge of the city marshal, upon the streets, alleys and public grounds of the city. There being no city jail in the city of Ottawa, the city marshal placed the petitioner, Willis Franklin, in the custody of Thomas F. Westfall, the sheriff and jailer of Franklin county, so that the petitioner might be confined in the’county jail, which is situated in the said city of Ottawa; and the defendant, Westfall, is now holding the petitioner, Franklin, in his custody under a mittimus issued by the police judge of the city of Ottawa.
Of course we pass over all irregularities in the proceedings of the police judge, and of the city marshal and the sheriff, as mere irregularities cannot’ be inquired into in proceedings in habeas corpus. (Civil Code, § 671.) The only question for us to consider is, whether the police judge had jurisdiction to render a judgment similar to the one which he did render. Or, as this judgment seems to be authorized by the said city ordinance, the real question seems to be: Is the city ordinance authorizing such a judgment valid? This question would certainly have to be answered in the affirmative, if it were not for the prohibitory amendment of 1880 and the prohibition act of 1881; so that, going still further back, the substantial question appears to be: Do the prohibitory amendment and the prohibition act so far repeal the city ordinance as to make it illegal to prosecute and punish persons, under the city ordinance and before the police judge, for selling intoxicating liquors in violation of law and in violation of the city ordinance, and without having any license or permit therefor? .
Now neither the prohibitory amendment nor the prohibition act in terms repeals this ordinance or any part thereof, and if either repeals it at all, it repeals it only by implication, and repeals by implication are never favored in law. Before any provision of law, (whether it be part of the constitution of the state, or a part of some statute, or a part of a city or *619 dinance,) can be held to be repealed by implication, it must clearly appear to be so repealed. Wherever the former law and the subsequent law can both be given force and effect, the former law will never be declared to be repealed by implication. Of course the prohibitory amendment and the prohibition act repeal all provisions of law authorizing cities of the second class to issue licenses permitting any person to sell intoxicating liquors, or authorizing such cities to pass ordinances for that purpose; but the prohibitory amendment and prohibition act do not anywhere, by implication or otherwise, repeal or annul the power of cities to punish persons for selling intoxicating liquors in - violation of law, in violation of the city ordinances, and without having any . license or permit therefor; (Prohibitory Amendment Cases, 24 Kas. 701, 722, 723;) nor do they repeal or annul the power of cities to pass ordinances for such purposes.
We therefore think that the said ordinance of the city of Ottawa, so far as it provides for the issue of licenses for the sale of intoxicating liquors, has been repealed; but so far as ' it provides for the punishment of persons for illegally selling intoxicating liquors, we think it has not been repealed, and is still in force. Entertaining these views, it follows that the prosecution of the petitioner, Willis Franklin, under the ordinance, was not illegal, and that his prayer for release in the present case must be denied; and it is ordered accordingly.
All the Justices concurring.