## The City of Topeka v. Fred Zufall.

INTOXICATING LIQUOR—*Peach Cider*—*Erroneous Instruction.* In a prosecution for a violation of a city ordinance for selling a certain fluid called peach cider as an intoxicating beverage, it is error for the trial court to instruct the jury as a matter of law, that if it contains six per cent. of alcohol, it is intoxicating within the meaning of the ordinance, as this is a question of fact to be determined by the jury under proper instructions.

### *Appeal from Shawnee District Court.*

PROSECUTION for the violation of ordinances Nos. 459 and 494 of the city of Topeka, prohibiting the sale of intoxicating liquors within said city. The defendant *Zufall* was tried and convicted in the police court. He appealed to the district court, and was there tried and found guilty, and on January 5, 1888, was sentenced to pay a fine of $100, and the costs. He appeals. The material facts appear in the opinion.

*Hazen & Isenhart,* for appellant.

*W. A. S. Bird,* city attorney, contra.

Opinion by SIMPSON, C.: On the 28th day of September, 1887, J. E. Stone made complaint in writing before the police judge of the city of Topeka, charging the defendant, Fred Zufall, with the sale of intoxicating liquors within said city. On the 30th day of September, 1887, the case was tried in the police court and the defendant convicted. The defendant appealed to the district court, and was there tried and convicted, and has now appealed to this court.

The defendant was tried and convicted under ordinances numbered 459 and 494, of the city of Topeka. These ordinances are claimed to be illegal and void for the following reasons, viz.: 1st. Under the city charter, the city had no power to enact an ordinance punishing a party for the sale of intoxicating liquor. 2d. The penalty imposed by these ordinances is less than that imposed by the state law for the same offense. 3d. The ordinances are inconsistent with the state law.

It is insisted that the complaint is bad because it does not charge the name of the person to whom the liquor was sold. It is also insisted that this case should be reversed because the verdict of the jury is contrary to the evidence.

There is much criticism of various instructions given and refused, but we shall consider only one of them. Instruction number 9 was as follows:

"There has been some evidence tending to prove that the liquor called peach cider taken away from the defendant's place of business, about the time of the defendant's arrest in this case, contained about six per cent. of alcohol. This evidence is competent to be considered with the other evidence in the case for the purpose of enabling the jury to determine whether the liquor called peach cider contained alcohol sufficient to produce intoxication when used as a beverage. I however instruct you that if you find from the evidence, beyond a reasonable doubt, that the liquor sold by defendant to Stone, (if you find any such liquor was sold to him by defendant,) contained six per cent. of alcohol, then I instruct you that such liquor or fluid is intoxicating within the meaning of this ordinance."

The first, second and third of these objections will be regarded, for the purpose of this opinion, as settled by the cases of *Franklin v. Westfall,* 27 Kas. 614; and *City of Topeka v. Myers,* 34 id. 500. The other objections are not material, in the view we take of instruction No. 9. The instruction cannot be justified unless it sufficiently appears that it was established by the evidence without conflict, or that it is a fact within the common knowledge of the people of the state. It might be justified in the first instance, because it falls within the familiar rule governing the trial of causes, if it was established by the evidence without any conflict, and if there was no evidence offered tending to dispute it in any manner; in other words, if it was so well established that there was no controversy about it. It cannot be supported in this case on that theory, because there was a direct conflict among the witnesses as to whether the fluid sold known as "peach cider" was intoxicating, and the weight of evidence seems to be against its intoxicating properties. The first part of the instruction

recognizes to the full extent this state of the evidence, and if the last sentence had not been added, the instruction would not have been objectionable. Can the instruction be justified on the theory that the presence of a certain per cent. of alcohol makes the compound intoxicating, and that the per cent. is within the common knowledge? There are a few general considerations and established propositions that seem to negative such a claim, and among them are the following: That the courts of this country will take judicial notice of all facts of common knowledge, is a rule which has the authority of Greenleaf and all other text-writers on the law of evidence, and is to be often found in the reported cases; but what are facts of common knowledge is often difficult of solution, because they are of such variety and diversity, and from this cause it may be safely said that there is no general rule yet established which governs all phases of the subject. "The classes of facts of which notice will be taken are judicial, legislative, political, historical, geographical, commercial, scientific, and artistic, in addition to a wide range of matters arising in the ordinary course of nature, or in the general current of human affairs, which rest entirely upon acknowledged notoriety for their claims to judicial recognition." (Wade on Notice, 2d ed., p. 702.) When any art, science or process of manufacture has become a matter of general knowledge, its leading principles and results will be judicially noticed: thus the court will take judicial notice that the process of photography produces a correct likeness of any object. (*Luke v. Calhoun,* 52 Ala. 115; *Udderzook's Case,* 76 Pa. St. 340.) So, that whisky is an intoxicating liquor. (56 Ind. 173; 2 Gray, 514.) So, that beer is a malt liquor, (55 Ala. 16; *The State v. Goyette,* 11 R. I. 592;) but not that malt liquors are intoxicating. (*Shaw v. The State,* 56 Ind. 188.) In this state beer is presumed to be intoxicating. (32 Kas. 177.)

The notoriety of a fact is a most material factor in the determination, and yet this of itself is not sufficient. Facts of which the court takes notice may be embraced in instructions

4 — 40 KAS.

to the jury, without invading the province of that body. Courts must be governed to some extent by the state of knowledge of the fact in the community. Courts would not probably be willing to take judicial notice of the percentage of alcohol in any kind of intoxicating liquor.

We have considered the criticism of the instruction so far, as if there had been no utterance by this court upon the subject, but in *Intoxicating-Liquor Cases*, 25 Kas. 751, BREWER, J., speaking for the court, says:

"Whether any particular compound or preparation of this class is, then, within or without the statute, is a question of fact, to be established by the testimony and determined by a jury. The courts may not say as a matter of law that the presence of a certain per cent. of alcohol brings the compound within the prohibition, or that any particular ingredient does or does not destroy the intoxicating influence of the alcohol, or prevent it from ever becoming an intoxicating beverage. Of course, the larger the per cent. of alcohol and the more potent the other ingredients, the more probably does it fall within or without the statute; but in each case the question is one of fact, and to be settled as other questions of fact."

And he cites, as supporting that view, *The State v. Laffer*, 38 Iowa, 426; *Russell v. Sloan*, 33 Vt. 659; *Commonwealth v. Ramsdell*, (Mass.,) 23 Alb. L. J. 414.

The following additional cases will be found to more or less support that view: *Commonwealth v. Buls*, 116 Mass. 122; *The State v. Star*, 67 Me. 242; *The State v. Wall*, 34 id. 165; *The State v. Page*, 66 id. 418; *Rau v. People*, 63 N. Y. 277.

It seems that whether the question is viewed in the light of established principles, or examined with reference to the express adjudications upon the subject, the instruction was clearly wrong; and for such an error we recommend that the judgment be reversed, and a new trial awarded the defendant.

By the Court: It is so ordered.

All the Justices concurring.