## The City of El·Dorado v. C. O. Beardsley.

1. **Intoxicating Liquors—** *Ordinance Prohibiting Sale.* An ordinance of a city prohibiting the sale of intoxicating liquors within the limits of such city, except by persons having a permit to sell, as provided for by the laws of the state, is not an ordinance to regulate the sale of intoxicating liquors, but to prohibit the sale thereof.

2. **Police Court—** *Jurisdiction—Several Similar Offenses—Punishment.* Where a police court of a city has jurisdiction to try and punish a party for the violation of a city ordinance, when the prosecution is for that violation alone, the court has also the power to try and punish a party for the commission of several violations of the same ordinance, if united in the same complaint. In such case, punishment for the different violations of the same ordinance is not to be aggregated so as to make a single or entire punishment for all the violations, but the sentence for each violation is to be imposed separately, and as for a separate offense.

### Appeal from Butler District Court.

*C. O. Beardsley* was prosecuted under an ordinance of the city of El Dorado upon 44 counts, for the illegal sales of intoxicating liquors in June, July, and August, 1893, and was convicted in the police court. He appealed to the district court, where he was tried again. He was convicted in that court on 35 counts, and sentenced to pay a fine of $100 and to be imprisoned in the city prison of El Dorado for a period of 30 days on each count. From that judgment he appeals to this court, and insists that the city ordinance of the city of El Dorado, under which he was convicted, is unconstitutional and void; that the court erred in not requiring the prosecution to elect on which count or counts, or sale or sales, it relied upon for conviction; that the court erred in refusing to instruct the jury as follows: "Before you find that defendant, C. O. Beardsley, aided, procured or abetted any other party in the commission of a misdemeanor, you must find, beyond a reasonable doubt, that defendant had knowledge that such misdemeanor was committed, and that he acted with the intent to aid such person in committing such misdemeanor;"

that the court erred in instructing the jury that, "under the ordinance, any sale of intoxicating liquor made within the city of El Dorado since the 16th of June, 1893, by a person not having a permit for the sale of liquor, is in violation of the ordinance," and that the court erred in overruling the defendant's motion for a new trial and in arrest of judgment.

The title and the first section of the ordinance under which the defendant was convicted are as follows:

"An ordinance prohibiting the sale of intoxicating liquors in the city of El Dorado, Butler county, Kansas, and repealing ordinances Nos. 98, 152, 217, and 299.

"Be it ordained by the mayor and councilmen of the city of El Dorado:

"SECTION 1. That any person or persons, without taking out or having a permit to sell intoxicating liquors, as provided for by the laws of the state of Kansas, who shall, directly or indirectly, sell or barter any spirituous, malt, vinous, fermented or other intoxicating liquors within the limits of the city of El Dorado, Butler county, state of Kansas, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined in the sum of $100 and be imprisoned in the city prison for a period of 30 days."

*O'Bryan & Gordon*, for appellant; *E. N. Smith*, of counsel.
*G. P. Aikman*, for appellee.

The opinion of the court was delivered by

HORTON, C. J.: I. The contention that the subject-matter of the ordinance is not clearly expressed in its title is not tenable. The ordinance was not enacted for the purpose of regulating the sale of intoxicating liquors in the city of El Dorado. Under the constitution, the manufacturing and sale of intoxicating liquors for medical, scientific and mechanical purposes are expressly authorized. Under the statute, permits may be taken out by persons authorized to sell intoxicating liquors for the excepted purposes. The ordinance prohibits absolutely the sale or barter of any spirituous, malt, vinous or other intoxicating liquor in the city of El Dorado,

except by persons having permits, for the excepted purposes. The city has no authority to prohibit persons having valid permits from selling. The ordinance does not purport to adjust, but to forbid; it does not purport to regulate, but to prohibit. (*City of Topeka v. Zufall*, 40 Kas. 47; *City of Topeka v. Myers*, 34 id. 500.)

"The prohibitory amendment and prohibition act do not anywhere, by implication or otherwise, repeal or annul the power of cities to punish persons for selling intoxicating liquors in violation of law, in violation of the city ordinances, and without having any license or permit therefor." (*Franklin v. Westfall*, 27 Kas. 614–619.)

II. The second alleged error cannot be considered, because no error of law was assigned in the motion for a new trial as one of the grounds thereof, and the motion did not in any way refer to the refusal of the court to require the plaintiff to elect. Further, no motion was made by the defendant to compel the plaintiff to elect, at the close of the testimony of the prosecution. This motion was not made until after the defendant had introduced several witnesses. Indeed, it appears that the motion was only made just before the defendant rested.

III. There was no prejudicial error in refusing to give the instruction asked for, because the court charged the jury as follows:

"Every person who procures, counsels, aids or abets another in the commission of a misdemeanor may be prosecuted and punished in the same manner and to the same extent as the person actually committing the unlawful act; and in this case, if you are satisfied by the evidence, beyond a reasonable doubt, that some person other than defendant sold intoxicating liquors within the city of El Dorado since the 16th of June, 1893, that such person did not have a permit therefor, and that defendant procured, counseled, aided or abetted such person in so selling intoxicating liquors, you should find the defendant guilty."

The evidence introduced upon the trial by the witnesses tended to show that in June, July, and August, 1893, the de-

fendant lived in north El Dorado, near the Missouri Pacific track, keeping a hotel or boarding house; that in June several boys went through the house into the barn back of the house and obtained a number of bottles of beer; that the defendant was standing in the house when the boys went through, and that after they obtained the beer, one of them went back into the house and laid down upon the table $4.50 for the beer; that at the time Beardsley was at the door of the room where the money was left. Another witness, who boarded in August, 1893, at the house kept by Beardsley, testified "that he frequently purchased whisky in the house from Mrs. Beardsley; that at one time she 'told him she did not know what to charge for the liquor, and for him to go to her husband, the defendant, and ask the price.' In accordance with her direction, he went to the defendant, who gave him the price of the liquor, and he then paid Mrs. Beardsley the amount."

The instruction given was sufficient, upon the evidence introduced.

IV. There was no error in giving the instruction objected to, because, under the ordinance, no person not having a permit to sell intoxicating liquors in El Dorado for the excepted purposes had any authority to do so after the publication of the ordinance.

V. Under the statute of the state conferring power upon cities of the second class, and the ordinance of the city of El Dorado, the police court of that city has jurisdiction to try and convict a person of selling intoxicating liquors for other than the excepted purposes, and to fine such person for each offense in the sum of $100 and with imprisonment in the city prison for 30 days.

VI. A complaint or information for such an offense or other misdemeanor may contain one or more counts. A justice of the peace—and, we think, a police court, or any other court—may try several offenses or misdemeanors of the same kind, at the same time, upon the same complaint, and punish

for each offense or misdemeanor separately. (*In re Donnelly*, 30 Kas. 424.)

The judgment of the district court will be affirmed.

All the Justices concurring.