STATE v. IRA J. SCOTT.

*Indictment for Selling Liquor on Sunday—Intoxicating Liquors—Question for Jury.*

1. Where a liquor, by common knowledge or observation, is intoxicating, the Court may so declare, but if it is doubtful whether it is intoxicating or not, then it is a question of fact for the jury; hence,

2. Where, in the trial of an indictment for selling spirituous liquors on Sunday without prescription of a physician and not for medical purposes (Section 1117 of *The Code*) the evidence was that the prosecuting witness drank four bottles of brandy peaches sold by the defendant and became drunk thereby, it was for the jury to determine whether the liquor was spirituous and intoxicating.

Indictment for unlawfully selling spirituous liquors to to one Archie Mathis, on Sunday, without prescription, etc., tried before His Honor *Judge Hoke,* and a jury, at February Term, 1895, of DUPLIN Superior Court.

Archie Mathis, for the State, testified that the defendant was a dealer in general merchandise, at Rose Hill in said county, and on the third Sunday in May last, in passing defendant's store, he found several of his friends there eating brandy peaches and cherries and drinking the liquor in the jars with them. They were in stock and sold by defendant; that witness joined the party, and himself bought as much as four bottles at 25 cents each; he drank as much as three of the bottles and became so drunk he was unconscious; that the liquor in which the peaches and cherries were put up was brandy, and would make you drunk; that witness had no physician's prescription, and was not sick, but just bought and drank and ate the brandy and peaches for the pleasure of it, and to be with the party. That he had drank some whiskey on that day

STATE v. SCOTT.

prior to his entering the store of defendant, but was not drunk when he joined the party at the store.

Orphie Swinson, for the State, testified: That he was there on the third Sunday in May at defendant's store, and saw Archie Mathis buy the four bottles of brandy peaches; that they were put up in bottles, three peaches in a bottle, which filled the bottle, and the peaches were covered with liquid—there being about three drinks of such liquid to the bottle. That he threw the peaches away and drank the three drinks it contained, and they made witness drunk. That he had not had any other liquor that day, and saw no other in the crowd except what was in these bottles.

Defendant testified in his own behalf, that he sold Archie Mathis and Orphie Swinson the brandy peaches without prescription, etc. That he kept them in stock and sold them as groceries, as food; that they were groceries and so considered in the trade. That the United States Court had so decided in an indictment for selling the same kind of peaches and cherries; that it was not brandy in which they were, but a syrup; that they were made by putting the peaches in brandy and letting them remain there till they had absorbed enough brandy to preserve them, and had then been taken out and put in bottles and covered with a syrup which was free from spirituous liquors and remained in such bottles till sold; that they would not make one drunk unless he made a glutton of himself, if they would make him drunk at all. That the State witnesses had been drinking before on said day, or the peaches and cherries and syrup would not have made them drunk.

The defendant asked his Honor to instruct the jury—

1. That if these peaches and cherries were in the general class of groceries and a food, and only contained enough liquor or alcohol to preserve them and make them marketable as a food, and the defendant sold them in good faith

as a food, that the jury should return a verdict of not guilty.

2. That if the defendant really and honestly believed that they were general stock of groceries, and that they were made as set out and for the purposes mentioned in the evidence of the defendant, then the sale would not be wilful, and the jury should return a verdict of not guilty.

3. That if the jury believe that the peaches and cherries and syrup in them would not make a person drunk unless he had already been drinking liquor, they should find the defendant not guilty.

His Honor declined to give the three instructions asked, and defendants excepted.

He further charged the jury that, if they believed the evidence, the defendant had sold the articles on Sunday without prescription, and not for sickness, etc., and the question of defendant's guilt or innocence would depend on whether the articles sold were spirituous and intoxicating liquors as described in the State's evidence; that if they were satisfied beyond a reasonable doubt that the liquor in which the peaches were preserved in the bottles sold was brandy or other liquor, and same contained alcohol in sufficient quantities to make one drunk when freely used, they would render a verdict of guilty; otherwise, not guilty.

Jury rendered a verdict of guilty. Motion for new trial by defendant, for error in charge of Court in refusing defendant's prayer for instructions, and for error in giving the instructions given.

The motion was refused and from the judgment defendant appealed.

*The Attorney General*, for State.
*Mr. A. D. Ward*, for defendant (appellant).

STATE *v.* SCOTT.

FAIRCLOTH, C. J.: The defendant was indicted for unlawfully selling spirituous liquors on Sunday without prescription, etc.

*The Code*, Sec. 1117, enacts: "If any person shall sell spirituous or malt or other intoxicating liquors on Sunday except on the prescription of a physician, and then only for medical purposes, the person so offending shall be guilty of a misdemeanor."

These are direct and unambiguous words. Two witnesses for the State testified that they drank of bottles of brandy peaches sold by the defendant on Sunday, and were made drunk thereby. The defendant testified in his own behalf that he sold brandy peaches without prescription, etc.; *that he kept* them in stock and sold them as groceries, as food; that the liquid was syrup and not brandy. His Honor charged the jury that if they believed the evidence the defendant had sold the articles on Sunday without prescription, etc., and the question of the defendant's guilt or innocence would depend on whether the articles sold were spirituous and intoxicating liquors, as described in the State's evidence; that if they were satisfied beyond a reasonable doubt that the liquor in which the peaches were preserved in the bottles sold was brandy or other liquor, and the same contained alcohol in sufficient quantities to make one drunk, when freely used, they would render a verdict of guilty, otherwise not guilty.

The whole evidence being before the jury, under the above charge, they necessarily had to determine whether the liquid in the bottles was brandy or syrup, as claimed by the parties, without other instructions.

His Honor properly gave the defendant the benefit of going to the jury on the question of the quality or character of the liquid drank from the bottles, although this Court has held that when the liquid, by common know-

ledge and observation, is intoxicating, the Court may so declare; but if it is doubtful whether or not it be so, then the question of fact is raised for the jury. *State* v. *Giersch*, 98 N. C., 720, and several preceding decisions.

Affirmed.