## STATE v. JOHN GIBSON.

*Indictment for Giving Away Intoxicating Liquor on Election Day—Evidence, Sufficiency of—Intent.*

1. Where, in the trial of an indictment for giving away intoxicating liquor on an election day, there was direct evidence that the defendant gave whiskey to one R. within the time and at the place as charged, it was not error to refuse an instruction that there was not sufficient evidence to convict

2. Where, in the trial of an indictment under Section 2740 of *The Code*, for giving away intoxicating liquor on an election day, it appeared that defendant casually found a bottle of whiskey and passed it to another who drank of it; *Held*, that such act was a violation of the Statute.

3. It is not necessary, to constitute a violation of Section 2740 of *The Code*, that the selling or giving away liquor on election day shall be with the intent to influence any voter or with any intent.

INDICTMENT under Section 2740 of *The Code*, tried before *Ewart, J.*, at July Term, 1897, of the Criminal Circuit Court of BUNCOMBE county.

*Mr. Zeb V. Walser, Attorney General*, for the State.
No counsel, *contra*.

CLARK, J.: The defendant is indicted under *The Code*, Section 2740, for giving away intoxicating liquor within five miles of a polling place at a time within twelve hours next

STATE *v.* GIBSON.

preceding and succeeding a municipal election. The indictment is in due form and avoids the objections which were sustained in *State* v. *Stamey*, 71 N. C., 202. There was direct evidence that the defendant gave some whiskey to one Roney, and within the time and place as charged. The Court therefore properly refused the prayer to instruct the jury that the evidence was not sufficient to convict. The defendant testified that he found the bottle of whiskey; that he had not put it there, nor knew who did, but drank some of it; that he refused to give any of it to Roney, but told him he could get it the same way he did. The Court charged the jury that "if they believed defendant's statement he would not be guilty. But that if they found as a fact from the evidence that Gibson put the liquor there, or knew of its being there, and gave any of the liquor to the witness, Roney, he would be guilty; or, if they found as a fact that Gibson found the liquor there, and if he passed the bottle containing liquor to the witness Roney, and Roney drank it, he would be guilty." To this, the defendant excepted, but we find no error that he can complain of. *State* v. *McMinn*, 83 N. C., 668. It is immaterial how the defendant acquired possession of the liquor, whether by previous arrangement or by chance finding it. The material point is whether he gave it away to Roney within the time and limits specified in the indictment, and that was properly left to the jury. The Statute does not require that the selling or giving away liquor shall be with intent to influence any voter, or with any intent.

No error.