STATE v. PARKER.

(Filed October 24, 1905).

*Statutes, Repeal of—Drinks Containing Alcohol—Intoxicating Liquors—Instructions.*

1. Chapter 434, Laws of 1903, making it unlawful to sell any drink *containing alcohol,* is not repealed by chapter 497, Laws 1905, which prohibits the sale of spirituous, vinous or malt liquors or other *intoxicating drinks* and repeals all previous statutes in conflict.

2. In an indictment under chapter 434, Laws 1903, for selling "drinks containing alcohol," an instruction that the drink "must contain some appreciable amount of alcohol—such an amount as a man of ordinary sense, reason and judgment, would say that it had alcohol in it," was not prejudicial to the defendant.

INDICTMENT for selling drinks containing alcohol against J. D. Parker, heard by *Judge Geo. W. Ward* and a jury, at the March Criminal Term, 1905, of the Superior Court of UNION County. From the judgment rendered, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* and *Adams, Jerome & Armfield* for the State.
*Redwine & Stack* for the defendant.

CLARK, C. J. The defendant was indicted for selling "drinks containing alcohol," contrary to chapter 434, Laws 1903, relating to the sale of liquor in Union County. The defendant moved in arrest of judgment on the ground that chapter 497, Laws 1905, repeals the statute under which the defendant was convicted. The motion was properly denied. Section 1, chapter 434, Laws 1903, makes it unlawful to sell "any spirituous, vinous, malt or other intoxicating liqours, or any drink *containing alcohol,* by whatever name known or

called." Section 13, chapter 497 Laws 1905, prohibits the sale of spirituous, vinous or malt liquors or *other intoxicating drinks,* and repeals all previous statutes in conflict with it. The defendant was indicted, not for selling intoxicating drinks, but for selling drinks containing alcohol, covered by the Act of 1903, which, as far as drinks of this character are concerned, was not repealed by the law of 1905. There is no conflict between the two provisions. They can both stand, for they supplement each other. Not being "irreconcilably inconsistent" the later statute does not repeal the other, by implication. *State v. Biggers,* 108 N. C., 760; *State v. Massey,* 103 N. C., 356; *State v. Witter,* 107 N. C., 792; *Winslow v. Morton,* 118 N. C., 491-2, and cases there cited.

The defendant asked the court to instruct the jury (1) not to consider the evidence in regard to apple cider, (2) that the jury cannot convict unless satisfied beyond a reasonable doubt that the defendant sold the prosecuting witness intoxicating liquors or whiskey drinks, other than apple cider, that would intoxicate. The court refused to so charge, and told the jury that the indictment was under the Act of 1903, for selling "any drink containing alcohol by whatever name known or called," and told the jury that the State must satisfy them beyond a reasonable doubt that the defendant sold Whitley a drink containing alcohol, that "one drop, nor two drops, nor three drops, nor a mere trace would not be sufficient to say that it contained alcohol; nor on the other hand would it be necessary for the drink to contain a sufficient quantity to make one drunk when freely used. The latter would be the test if the defendant were indicted for selling intoxicating liquors. That is not the charge in this case; here he is charged with selling drinks that contained alcohol, under the section read to you, but the drink when sold under this section must contain some appreciable amount of alcohol; such an amount as a man of ordinary sense, reason and judgment, would say that it had alcohol in it."

There was evidence that the defendant sold cider 14 days old, and another variety called chemical cider, and there was evidence that the beverage sold contained alcohol; indeed the witness said it made him drunk, and other witnesses said the same beverage intoxicated them. The defendant cannot complain of the charge. "When the liquid by common knowledge and observation, is intoxicating, the court may so declare, but if it is doubtful whether or not it be so, then the question of fact is raised for the jury." *State v. Scott,* 116 N. C., 1015; *State v. Giersch,* 98 N. C., 720. Upon the same reasoning the court here left it to the jury to find whether the "drinks" sold "contained any alcohol." *Commonwealth v. Reyburg,* 122 Pa. St., 304; *Topeka v. Zufall,* 40 Kan., 47; *State v. Crawley,* 75 Miss., 922.

No Error.