STATE v. PINER.

(Filed March 13, 1906).

*Intoxicating Liquors—Public Local Act—Illegal Sale—Intent—Wine—Judicial Notice—Public Act—Indictment —Surplusage.*

1. The Legislature may pass laws prohibiting the sale of liquor within any designated locality.

2. The Act of 1901, chapter 350, making it unlawful to sell in Pender County any spirituous, vinous, malt, or fermented liquors, or any liquors of any name or kind which is intoxicating is not affected by Code, section 3110, which provides that certain wines may be sold in bottles not to be drunk on the premises, nor is it repealed by the Watts Law (Acts 1903, chapter 233), as its proviso withdraws all local acts from its operation.

3. In an indictment for unlawfully selling liquor, the law implies the unlawful intent from the doing of the act, which is prohibited, and it is no defense that the defendant did not in fact intend to violate the law.

4 In an indictment under the Act of 1901, chapter 350, which prohibits the sale in Pender County of vinous or fermented liquors, it is not necessary for the jury to find that the wine sold was intoxicating.

5. Wine is an intoxicating liquor and the courts will take judicial notice of the fact.

6. An act of a public local nature need not be specially averred in the indictment, as the court will take judicial notice of it.

7. Under Code, section 1183, useless matter in an indictment may be rejected as not affecting the substance of the charge.

INDICTMENT against Thomas Piner for unlawfully selling liquor, heard by *Judge Jas. L. Webb* and a jury, at the January Term, 1906, of the Superior Court of PENDER.

The jury returned a special verdict, and found that the defendant sold a gallon of wine of his own manufacture, on his own premises, which was made from the products of his own vineyard, none of which was drunk on his premises. It was put in a jug, which was corked, and carried away by the purchaser without being opened. Upon the facts so found, the court held that the defendant was guilty. He was adjudged to pay a fine and the costs, and appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*Stevens, Beasley & Weeks* for the defendant.

WALKER, J., after stating the case: The defendant contends that he was authorized to sell the wine by the general statute (Code, sec. 3110), which provides that all wines made in this State from grapes, etc., raised therein, may be sold in bottles, which are corked or sealed up, in quantities greater or less than a quart, but must not be drunk on the premises; and he also justifies under the Act of 1903, chapter 233 (Watts Law), sections 1 and 6, which permits a person to sell, by the gallon or in larger quantities, wine made from fruit or grapes grown by himself, provided it is not drunk on the premises when sold. But that act further provides (section 19) that it shall not be construed to repeal, alter or amend any special act prohibiting or regulating the manufacture and sale of liquors in any county or other locality, and this brings us to the consideration of the special act, which

the State insists that the defendant has violated. Acts 1901, chap. 350, sec. 1. It provides among other things that it shall be unlawful to sell in Pender County any spirituous, vinous, malt or fermented liquors, "or any liquor of any name or kind which is intoxicating."

The Legislature may pass laws prohibiting the sale of liquor within any designated locality. This is settled beyond question. *State v. Joyner,* 81 N. C., 534; *State v. Barringer,* 110 N. C., 525; *State v. Snow,* 117 N. C., 774. We think it clear that the defendant was indictable under the Act of 1901, which is not affected by The Code, section 3110, if that section is now in force and he complied with it, which it is not necessary now to decide. The two provisions are not in conflict—one is of general application and the other local in its operation. *State v. Joyner, supra.* Nor is it repealed by the Act of 1903, chapter 233. On the contrary, the proviso to that act expressly withdraws all such local acts from its operation. *State v. Joyner, supra.* So that if all the acts are construed together, as relating to the same subject matter, and the defendant's counsel argues that they should be so regarded and construed, the conclusion is inevitable that the court correctly adjudged the defendant to be guilty upon the special verdict, unless he can succeed in some of his other contentions.

The defendant says he did not intend to do wrong. His motive in selling, however good or praiseworthy, does not shield him from the consequences of his acts. No intent appears in this case except that which the law infers. This is one of the kind of offenses in which the law implies the unlawful intent from the doing of the act, which is prohibited, and it can make no difference that he did not in fact intend to violate the law. *State v. Downs,* 116 N. C., 1064. That case is directly in point and fully answers this contention. It would not do to permit a defendant to exculpate himself by showing that he did not intend to do that which he did

and which is in itself unlawful. He is presumed, in such case, to intend the consequences of his act. *State v. Gibson,* 121 N. C., 680.

The defendant's next contention is that the jury did not find that the liquor was intoxicating. If that is necessary to be done under this act, which mentions vinous and fermented liquors by name, we yet think that wine is of the general class of liquors, known to all men to be intoxicating if taken freely or in a sufficient quantity. Not only is it a familiar fact that wine is intoxicating, but the law writers have so treated it in discussing questions similar to the one now under consideration. "The decided weight of authority is that wine is an intoxicating liquor, and that the courts will take judicial notice of the fact. 17 Am. & Eng. Enc. of Law (2 Ed.), 199. There is said to be only one case to the contrary. *Ibid.* "A sale of wine made from grapes or blackberries is within a statute making it unlawful to sell 'vinous or alcoholic' liquors." *Ibid.* It would seem that the Legislature intended thus to classify it in the Act of 1901, chapter 250, though it is not required that we should so decide at this time, as the cases in this court are decisive upon the question that wine is an intoxicating liquor. *State v. Packer,* 80 N. C., 439, decides the very question and of like import are the following cases: *State v. Giersch,* 98 N. C., 720; *State v. Scott,* 116 N. C., 1012; *State v. Parker,* 139 N. C., 586. It seems that the Legislature has by numerous acts recognized wine as an intoxicating liquor.

But, as we have said, by the act in question the sale in Pender County of vinous or fermented liquors is prohibited, and that is sufficient to sustain the verdict. This disposes of the two assignments of error, which, indeed, are substantially the same.

The Act of 1901 is of a public local nature and need not be specially averred in the indictment, as the court will take judicial notice of it. *State v. Chambers,* 93 N. C., 600;

*State v. Wallace,* 94 N. C., 827. The offense appears to be sufficiently alleged in the indictment, useless matter being rejected as not affecting the substance of the charge. Code, section 1183. An examination of the entire record discloses no error in the judgment and proceedings below.

No Error.