## STATE v. ROBERT SCOTT.

(Filed October 23, 1906).

*Intoxicating Liquors—Repeal of Statutes—Effect—Special Verdict—Form—Sufficiency.*

1. Where an act of the Legislature, forbidding the sale of liquor without license, repealed all laws in conflict with it, an earlier act forbidding such sale is repealed, but only as to offenses committed after the passage of the later one, and, as to all offenses committed before that time it has its contemplated force and effect.

2. Where in a special verdict the jury stated the facts essential to the defendant's conviction, and upon them found him guilty, adding that "upon their opinion of the law, of which they were ignorant, they rendered a verdict of not guilty," this the Judge properly ignored as surplusage, or at least as erroneous, and adjudged the defendant guilty upon the facts.

INDICTMENT against Robert Scott, heard by *Judge M. H. Justice* and a jury, at the July Term, 1906, of the Superior Court of UNION. The defendant was convicted, and appealed.

*Robert D. Gilmer, Attorney-General,* and *Walter Clark, Jr.,* for the State.

*Williams & Lemmond* for the defendant.

PER CURIAM. The defendant was indicted for selling liquor without a license in July, 1902, when there was a law forbidding the sale of liquor without a license in Union County. His counsel contends that this law was repealed by subsequent enactments, which still made it an offense to sell liquor without a license, but which repealed all laws in conflict with them. It seems to us clear that the question raised in this case is the same as that which was presented in *State v. Perkins,* 141 N. C., 797. There is really no substantial difference between the two cases, and that case must govern

this one.  The later act repeals the earlier one only in so far as they are in conflict.  It cannot retroact so as to affect offenses committed prior to its passage, and the earlier act cannot operate prospectively, so as to affect offenses committed in the future.  Their respective fields of operation are bounded by a line drawn at the date of the later act, the earlier act applying to offenses committed before, and the later to those committed after, that date.  As neither can trench upon the legitimate province of the other, there is no necessary repugnancy between them.  The earlier act, therefore, is repealed, but only as to offenses committed after the passage of the later one, and, as to all offenses committed before that time, it has its contemplated force and effect.  In this way, the two acts are brought into harmony and the intention of the Legislature is not only effectuated, but given full play.

The form of the special verdict was, it is true, a little unusual, but the jury stated the facts essential to the defendant's conviction, and upon them found him guilty, adding that "upon their opinion of the law, of which they were ignorant, they rendered a verdict of not guilty."  This the Judge properly ignored as surplusage, or, at least, as erroneous, and adjudged the defendant guilty upon the facts (*"utile per inutile non vitiatur"*).  Indeed, it would seem that the jury meant to submit the question of guilt to the Court upon the facts, though they expressed their intention to do so somewhat awkwardly.  The result of the case was the correct one.