J. D. PARKER v. JOHN W. GRIFFITH, Sheriff of Union County.

(Filed 23 December, 1909.)

1. **Non-Intoxicants—"Near Beer"—License—Lawful Commodity—Prohibition Law.**

   Near beer and kindred non-intoxicating beverages mentioned in chap. 438, Public Laws of 1909, are now recognized articles of commerce and may lawfully be dealt in within this State, notwithstanding the general prohibition laws. *State v. Danenburg,* at this term, cited and approved; *State v. Parker,* 139 N. C., 586, cited and distinguished.

2. **Non-Intoxicants—"Near Beer"—License—Issuance—Mandamus.**

   The commissioners of Union County, in conformity with chap. 438, Public Laws of 1909, having levied a tax on "near beer" and kindred non-intoxicating drinks therein enumerated, the writ of mandamus will lie to compel the sheriff of the county to issue a license for its sale, upon his refusal to do so, as he is without discretion to grant or refuse the license.

APPEAL by plaintiff from *W. J. Adams, J.,* upon his dismissing plaintiff's petition for a writ of *mandamus,* filed in UNION County, and heard at chambers on 28 September, 1909.

On 10 September, 1909, plaintiff tendered to defendant the sum of $40, and demanded that the defendant, as sheriff and in behalf of the State of North Carolina and the county of Union, issue to plaintiff license to engage in the sale of malt, beerine, near beer and other nonintoxicating drinks in said county and State, for the period from 1 June, 1909, to 31 May, 1910. This defendant refused to do, alleging that he did not believe that said drinks could lawfully be sold in Union County. Plaintiff thereupon instituted this action, petitioning for a writ of *mandamus* to compel defendant to accept the $40 tendered and issue to plaintiff the license demanded.

From the judgment of the judge below dismissing plaintiff's petition, plaintiff in due time excepted and appealed.

*David Stern* and *J. J. Parker* for plaintiff.
*A. M. Stack* for defendant.

BROWN, J., after stating the case: There is only one question presented by this appeal: Can malt, beerine, near beer and other nonintoxicating drinks, containing one-half of one per cent. alcohol, or more, be sold in Union County lawfully by one who has paid the license tax and obtained a license under Public Laws 1909, ch. 438, Schedule B, secs. 26 and 63, and the resolution of

the Board of Commissioners of Union County, of 7 July, above referred to?

This Court has recently held that, in consequence of the legislation of 1909, near beer and kindred nonintoxicating beverages mentioned in the act are now recognized articles of commerce and may be lawfully dealt in within this State, notwithstanding the general prohibition law. *State v. Danenburg,* at this term.

This ruling is based upon well-considered adjudications in other States where prohibition laws similar to ours are in force.

We know of nothing which exempts the county of Union from the effect and operation of the act of the General Assembly of 1909, which is an act to raise revenue and operates throughout the State. Of course, it does not repeal the general prohibition law, which prohibits only the sale of intoxicating drinks.

In obedience to the act of 1909, the commissioners of Union County have levied the tax on such beverages provided therein for counties, as well as for the State, as it was their duty to do.

Since the General Assembly, by the near-beer-tax act, has expressed the general policy of permitting its sale, the counties may not prohibit it, and incorporated cities and towns may only regulate but not forbid its sale or destroy the business by unreasonable and prohibitive taxation. *Campbell v. Thomasville,* 64 S. E. Rep., 821; *State v. Danenburg, supra.* There are no exceptions in the act of 1909 which exempts Union or any other county from its operation.

The decision of this Court in *State v. Parker,* 139 N. C., 586, was rendered in 1905 and was a construction of the public-local acts prohibiting the sale of intoxicating and alcoholic drinks in that county. The defendant was indicted under the act of 1903 (chapter 434). After he was convicted he moved in arrest of judgment, because, since his conviction, the act of 1905 (chapter 497) had been enacted, which purported to make certain changes in the "Union County liquor laws." We declined to arrest the judgment, holding that the act of 1905 operated prospectively and did not so unqualifiedly repeal the act of 1903 as to prevent the imposition of the punishment imposed by the last-named act. This decision was followed by *State v. Perkins,* 141 N. C., 797, and *State v. Scott,* 142 N. C., 602.

The issuing of a license provided for by the revenue act is a mere ministerial act. No discretion is vested in the sheriff to grant or refuse the license. Hence the writ of *mandamus* will lie to compel the sheriff to issue same. 25 Cyc., 623; 26 Cyc., 160.

Nothing in this opinion is to be construed as denying incorporated cities and towns the right to adopt reasonable regulations for the sale of near beer, as recognized and defined in *State v. Danenberg, supra.*

Let the writ of *mandamus* issue, requiring the sheriff to accept the license tax imposed by law.

Reversed.