Kinkead, J.
The submission is on a motion to dissolve the restraining order issued upon the amended petition and upon a demurrer to the same.
The petition sets up that the defendant, the village of Westerville, is a municipal corporation; that plaintiff is engaged in the business of conducting a pool and billiard room in the village, and that the village council passed an ordinance which attempted to regulate the conduct of said pool and billiard tables- and levy a tax upon the same, the petition containing a copy of the ordinance.
The ordinance provides that it shall be unlawful for any person to operate a billiard or pool room for profit without a license; that -any firm or corporation may obtain such license by paying to the vilage clerk a sum of money equal to $15 for each billiard *522 and pool table used in the room. The ordinance contains further restrictions and regulations which are-unimportant in this statement.
The petition claims that the ordinance is illegal and void, because it is beyond the power of the council of the village to enact the same, and that it is contrary to the Constitution of the state and of the United States, in that it attempts to deprive the plaintiff -of his property without due process of law, and that its terms are unreasonable and the license fee therein asked is unreasonable and far in excess of the cost of regulating the business. Plaintiff avers further that if the ordinance is enforced that his business will be destroyed, and that the amount of license therein provided for is so large .and burdensome as to make it impossible to conduct -his business profitably, and that said license is an attempt to tax the plaintiff and to derive a revenue from his business under the guise of a license. The further averment is made that the village has no police force, whatever, excepting a village marshal, whose salary is $150 per year, and that the sum derived from the taxation .of the business of this plaintiff by the ordinance is $90 per year. Plaintiff says further that the village has no expense, whatever, in the regulation of his business.
A demurrer was sustained to the original petition by this court (Rogers, J.).
I do not believe that the question is now presented in the same form as it was to another member of this court, so that the conclusion now reached can not be said to conflict with the previous ruling.
It is not difficult to distinguish between a license fee and a tax. The primary purpose of each is easily discovered from concrete instances.
A license is imposed by virtue of police power to insure regulation and supervision, and the amount of the fee is determined by the amount of reasonable cost of issuing the license and in the regulation thereof.
If it exceeds this, and it is plainly apparent that the purpose is to raise revenue, or the imposition is so large as to make it prohibitive or destructive, then it becomes a tax and not a *523 license. A municipality has power to impose a license fee, but has not the power to assess a tax under the guise of a license.
To assess plaintiff $90 per year when it only pays $150 per year for police regulation is unreasonable. My judgment is that the imposition here is a tax, and not a license; it follows that the defendant was without power to enact the ordinance imposing so large a sum upon the plaintiff.
• “Whenever it is manifest that the amount of such tax imposed in the exercise of police power is substantially in excess of the reasonable expense of issuing a license and of regulating the occupation to which it pertains, or is virtually prohibiting, the act or ordinance imposing the tax is invalid.” 25 Cyc., 611; Mays v. Cinto, 1 O. S., 268.
It will be readily conceded that equity will restrain the enforcement of a void ordinance, when the enforcement will deprive the complainant of property rights or will cause him injury which can not be compensated in damages, or where the illegal action will give rise to a multiplicity of actions if not prevented. This principle applies even though the ordinance malíes the action criminal in character, and the action consists of arrests and criminal prosecutions. 22 Cyc., 892.
A court of equity will assume to determine the legal question of validity of the ordinance on an application for injunction, where the injury will be irreparable and there may be a multiplicity of actions.
Prosecutions under this invalid ordinance will put plaintiff to cost and expense which can not be recouped by him in any way. He may be prosecuted for each and every day he continues his business in violation of the ordinance.
It will be noticed that in Cavanaugh v. Cleveland, 6 N. P., 423 (Dissette, J.), cited by defendants, where it was held that an injunction will not be granted to restrain officers from enforcing the law, on the mere theory that some one questions the validity of such ordinance, it must be so apparently invalid that to seek to enforce it would be an oppressive act.
It will be observed, too, in State v. Newark, 57 O. S., 430, cited by counsel, that the Supreme Court stated and held that instead of testing the power of a municipality by its council to *524 adopt a certain ordinance, the remedy, in such case, is to enjoin any steps that may he taken to enforce the ordinance. It ha,s been the uniform practice in this court to entertain injunction to test the validity of the ordinances in proper eases.
Counsel for defendant contend that the defendant, the village of Westerville, by its council, had the power to pass the ordinance in question by virtue of Section 1536-100, par. 30 (3670, General Code), which grants .all municipal corporations power to regulate and license billiard rooms, providing that:
“In the granting of any license a municipal corporation may enact and receive such sums of money as the council shall deem proper and expedient. ’ ’
I take it that the Legislature in granting the right to license, did not intend to extend the discretionary power to such an extent as to authorize a municipality to impose a ta,x under the guise of a license.
Nor did the Legislature in thus conferring the power to license intend to confer such comprehensive discretionary power upon councils of municipalities .as would take away the power of the judiciary to decide whether an ordinance by its terms is an exercise of the power to license, or of the power to tax. The Legislature has merely conferred police power upon municipalities with reference to this matter and the discretionary power of council must -be kept within the pale of police power and should not extend to the sovereign power of taxation.
The Legislature, and municipal councils when properly authorized by the state, may determine what regulations are needed to protect the public, and while the measures passed by such bodies calculated and intended to accomplish these ends are generally within their discretion, it is nevertheless true that this extensive authority must be exercised in subordination to those great principles of fundamental law, which are designed for the protection of the liberty and the property of the citizen. If such legislation passes the bounds, it remains within the judiciary to exercise its power to restrain the same and to beep the legislative branches within their powers.
*525 Under the power vested in municipal councils by the statute under consideration, it would be proper to so exercise the discretionary power conferred and under the mere guise of police regulation unduly restrict or substantially prohibit one from pursuing the business of operating a pool and billiard room. This business is not so inherently harmful as will justify the courts in upholding such legislation and regulation.
Tt is true that courts have upheld police regulation of a prohibitory character where it is inherently harmful and of a dangerous character, such as selling liquor, keeping gaming tables or other things of a demoralizing nature. Mugler v. Kansas, 123 U. S., 623; State v. Joyner, 81 N. C., 534.
Authorities are numerous where ordinances are held invalid, when a license provided for therein is so excessive as to be an obvious exercise of the power of taxation. State v. Angelo, 71 N. H., 224; State v. Moore, 113 N. C., 697; State v. Commissioners, 42 N. J. L.„ 364; State v. Finch, 46 L. R. A., 437, and other cases cited in 25 Cyc., 611.
“The license fee should not exceed the necessary or probable expense of issuing the license and of inspecting and regulating the business which it covers. If the state intends to give broader authority, it is reasonable to infer that it will do so iu unequivocal terms.” Cool, Tax., 408; Cool. Con. Lim., 242; 60 N. H., 219; 42 N. J. L., 364; 59 Md., 330; 91 N. C., 554; 1 O. S., 208.
The statute, properly construed, does not by any process o:f even liberal construction authorize municipal councils to exercise their discretion so broadly as to exercise the power to tax. It is the settled rule that when such discretion has been abused the courts may interfere and invalidate the ordinance. 25 Cyc., 612-613; Allentown v. Western Union Tel. Co., 148 Pa. St., 117; 33 Am. St., 820.
For the reasons stated the demurrer to the amended petition, and the motion to dissolve the temporary order, are both overruled. Exceptions may be noted.