THE STATE OF KANSAS V. JAMES A. CARRITHERS.

No. 16,142.   (99 Pac. 614.)

SYLLABUS BY THE COURT.

1. CRIMINAL LAW — *Form of Verdict — Mistake — Correction.* Where there is a mistake in preparing the form of a verdict, so that it does not correctly state the offense whereof the jury intended to find the defendant guilty, such mistake may be corrected by the jury before they are discharged from further consideration of the case.

2. —— *Substantial Amendment of Verdict—Procedure.* In such a case, where the verdict as first returned is complete in form, finding the defendant guilty of a distinct offense included in the information, before it is changed by the court so as to find the defendant guilty of a higher offense the court should explain such mistake to the jury, call their attention to the instructions defining the several offenses charged, give or state to them correct forms of verdict applicable to any finding they may properly make, and afford them an opportunity to reconsider their verdict.

3. —— *Province of the Jury.* The jury should have a full opportunity to decide the facts according to their own understanding of the evidence, under clear statements of the law, and upon forms of verdict the import of which is fairly stated and understood.

Error from Harper district court; PRESTON B. GILLETT, judge.   Opinion filed January 12, 1909.   Reversed.

*Fred S. Jackson,* attorney-general, *John Marshall,* and *George E. McMahon,* county attorney, for The State.

*T. A. Noftzger,* and *Fred Washbon,* for appellant.

The opinion of the court was delivered by

BENSON, J.: The appellant was tried upon an information charging him with keeping a gambling resort, and with various allied offenses specified in section 2228 of the General Statutes of 1901, including gambling in such resorts as are defined in section 2232 and

26—79 KAN.

gambling as defined in section 2233. The court gave to the jury five forms of verdict, only one of which is presented in the bill of exceptions. The jury returned the following verdict:

"We, the jury empaneled and sworn in the above-entitled cause, do upon our oath find the defendant guilty of gambling, in that in the county of Harper and state of Kansas, and within two years immediately prior to the bringing of this action, and in a two-story stone building located on lot 22, block 35, in the city of Anthony, the defendant, James A. Carrithers, did engage in gambling and did bet money upon a gambling-table, or gambling device, and at a game of chance commonly called poker, and upon the result of such game, which was a game of chance, or skill, played with cards."

The record shows the following proceedings:

"And the said verdict was read in open court by the judge, and jury polled at the request of the defendant, and each of the said jurors answered that the foregoing was the verdict; and thereupon the court, over the objection of the defendant, in the presence of the jury, changed said verdict so that the same read as follows, to wit."

And then followed a recital of a verdict in the same language, except that the words "in a gambling-house" appear between the word "device" and the word "and," so that the amended verdict found the defendant guilty of gambling in a gambling-house, in violation of section 2232, which is a felony, whereas under the verdict as first returned he was found guilty of gambling only, which is a misdemeanor. Counsel appear to agree that this was the effect of the change, and the defendant was sentenced to the penitentiary upon the amended verdict.

The question to be determined is whether the court erred in changing the verdict in the circumstances and in the manner stated. That a verdict may be amended when incomplete or informal must be conceded.

"The court may direct the jury to amend, when the verdict is imperfect and informal, and may send them

The State v. Carrithers.

back to the jury-room for that purpose. Great injustice would frequently be done where the jury are mistaken, unless they had an opportunity of rectifying, under the eye of the court, such error as they may have committed.

"Where the meaning intended to be conveyed by the jury can be ascertained from their verdict, the court may instruct the jury to alter the expressions, preserving the substance so as to render it good in law; and the court should give effect to a verdict when its meaning can be ascertained. But when the jury return a general verdict settling the rights of the parties, and upon which judgment can be entered, or where they return a special verdict, finding the facts of a case, and leaving the questions of law arising upon those facts to the court, it would be improper for the court to send them out again for further consideration." (Proffatt, Jury Trial, § 457.) .

Concerning amendments in criminal cases the same author, in section 459, says:

"An amendment is properly directed in a criminal case when the jury bring in a verdict not conforming to the charge in the indictment, or when its language is not formally correct to support such a judgment as the jury expected would be rendered on the verdict. As where in a case of homicide a statute requires a jury to find the degree, if they come in with a general verdict of guilty, the court should order them to retire again and bring in a special verdict."

In the case of *The State v. Potter*, 16 Kan. 80, it was said:

"Where a jury, in a case of murder in the second degree, return a verdict as follows—'We, the jury, find the defendant guilty as charged,' it is not error for the court, after being informed by the jury that they intended to find the defendant guilty of murder in the second degree, to allow the verdict, with the consent of the jury, to be amended so as to read as follows—'We, the jury, find the defendant guilty of murder in the second degree, as charged in the information.' " (Syllabus.)

Many cases have been examined where this power of amendment was considered, some holding with great

strictness against the right, except in cases of mere informality and mistake. It will serve no useful purpose, however, to review these decisions, for under the liberal provisions of our code amendments should be allowed which do not affect the substantial rights of a party. (Crim. Code, § 293.) The verdict as returned was complete in form, stating the offense with particularity —that the defendant was guilty of betting money upon a gambling-table and at a game of chance, and adding other details, showing one of the definite and complete offenses included in the information. Nothing was lacking to show the degree, for the degree or grade of offense appeared from the facts stated. The change that was made convicted the defendant of another offense of a higher grade, entailing severer punishment. The amendment was not of form, but of substance. Such an amendment, if properly made, may be allowed before the verdict is finally received and the jury discharged. The jury may, after a verdict is announced, if they see fit before they are discharged, change the same and render a different one (*The State ex rel. The Town of White Oak Springs v. Clementson,* 69 Wis. 628, 35 N. W. 56), but it must be done by the jury upon the consent of all the members, after a clear understanding of the change and its import and effect.

The verdict as returned in this case being complete in form and responsive to the charge, it must be presumed, in the absence of anything tending to the contrary, that it stated the true finding of the jury. The abstract shows that the court changed the verdict by inserting the words "in a gambling-house." No explanation appears to have been made to the jury, and no proceedings taken, except to read the verdict as changed and to poll the jury thereon. The statutes on the subject of gambling are quite lengthy, and very careful attention to the language is necessary in order to differentiate between the various offenses. The instructions were also quite voluminous, and it is alto-

gether probable that the jury failed to appreciate the very important effect of these additional words. They would have the right to suppose that the court had done just what it was in the province of the court to do —to make their verdict perfect in form; but it can not be inferred that, in the absence of any explanation whatever, the jury understood that the court had inserted a new finding embodying another offense. In a somewhat similar case, where the court, in a prosecution for burglary, after asking the jury if they found the defendant "guilty of burglary with the intent to steal, as charged" (30 La. Ann. 953), and receiving an affirmative answer, ordered it recorded accordingly, and not as returned, the supreme court of Louisiana, in reviewing the case, said:

"While if the verdict as originally returned was defective it was perfectly proper for the judge so to state to the jury, and to instruct them anew as to the form in which they should clothe their verdict, it was not proper for him to ask the jury the direct question 'if it was their intention to find the prisoner guilty of burglary with the intent to steal, as charged,' and to have recorded as their verdict the answer thus elicited. Whatever the motive, and we have no doubt it was the best, this was trenching upon the province of the jury and in effect dictating to them their verdict, which in a matter so delicate and important to the liberty of the accused the law does not permit." (*State v. Clifton,* 30 La. Ann. 951, 953.)

It is said in behalf of the state that the court prepared five forms of verdict, the first three under section 2228 of the statute, the fourth for gambling in a gambling-house as defined in section 2232, and the fifth for gambling as defined in section 2233, and that the jury found him guilty according to the fourth form. It is not explained, however, how the words "in a gambling-house" were omitted therefrom. If these words were in the form and the jury erased them it should be presumed that they did so because they did not so find the fact. If they were omitted by mistake in drawing

up the forms of verdict an explanation should have been made to the jury and their attention again called to the instructions relating to the several offenses. The jury should then·have been given correct forms and an opportunity to reconsider their verdict. Jurors usually accept the views of the court in such matters, and care should be taken that they may have a full opportunity to decide the facts according to their own understanding of the evidence, under clear statements of the law, and upon forms of verdict the import of which is fairly stated and understood.

Believing that this erroneous proceeding affected the substantial rights of the defendant, the judgment is reversed and the cause remanded for a new trial.