*In the matter of the Petition of* JOSEPH WHITE *for a Writ of Habeas Corpus.*

CRIMINAL CASE — *Conviction of Several Offenses — Collateral Attack.*
The defendant, who was prosecuted in three separate criminal cases in the district court of Leavenworth county, all for grand larceny, and numbered respectively 2184, 2185, and 2193, was sentenced to imprisonment in the penitentiary as follows: In the case numbered 2185, he was sentenced for the period of seven years from the time of the sentence. In the case numbered 2184, he was sentenced "for a period of seven years from and after the expiration of the sentence in case number 2185." In the case numbered 2193, he was sentenced "for the period of seven years from and after the expiration of the sentence in case numbered 2184." *Held*, That the sentences in the cases numbered 2184 and 2193 cannot be considered as void when attacked collaterally in a *habeas corpus* proceeding, but must in such a proceeding be held to be valid, and that the defendant may be rightly imprisoned under them.

*Original Proceeding in Habeas Corpus.*

THE material facts are stated in the opinion, filed January 7, 1893.

*W. D. Gilbert,* and *T. S. Brown,* for petitioner.

*S. E. Wheat,* for respondent.

The opinion of the court was delivered by

VALENTINE, J.: This is a proceeding in *habeas corpus,* in which it is alleged that the applicant, Joseph White, is illegally restrained of his liberty by George H. Case, the warden of the state penitentiary. The warden makes return, admitting that he does restrain the applicant of his liberty by confining him in the state penitentiary; but saying, substantially, that he does so upon three several judgments, rendered by the district court of Leavenworth county, in three separate actions, in each of which the defendant was charged with, tried for, convicted of and sentenced for grand larceny, seven years in each case, and 21 years in the aggregate; and that the aggregate time for which he was sentenced has not yet expired. It appears that the above-mentioned actions were numbered respectively in the district court of Leavenworth county as follows: 2184, 2185, and 2193; and that the sentences were all rendered on January 2, 1886. In the case numbered 2185, the sentence reads as follows:

"It is therefore now by the court here considered, ordered, and adjudged, that the defendant, Joseph White, be and he is hereby sentenced to confinement at hard labor in the penitentiary of the state of Kansas for the period of seven (7) years from this time."

In the case numbered 2184, the sentence reads as follows:

"It is therefore now by the court here considered, ordered, and adjudged, that the defendant, Joseph White, be and he is hereby sentenced to confinement at hard labor in the penitentiary of the state of Kansas for the period of seven (7) years from and after the expiration of the sentence in case number 2185."

In the case numbered 2193, the sentence reads as follows:

"It is therefore now by the court here considered, ordered, and adjudged, that the defendant, Joseph White, be and he is hereby sentenced to confinement at hard labor in the penitentiary of the state of Kansas for the period of seven (7) years from and after the expiration of the sentence in case number 2184."

It is admitted by the warden that by allowing the applicant, White, proper deductions from his sentence rendered in case numbered 2185, for good conduct, as provided by law, he has served out and completed the time fixed by his first sentence of seven years; but the warden claims that he is now restraining White of his liberty under the sentence pronounced in the case numbered 2184. It is claimed by the applicant that the sentences in the cases numbered 2184 and 2193 are so indefinite that they are void; and therefore, that the applicant is entitled to his liberty. We would think otherwise, however. The district court of Leavenworth county is a court of record and of general jurisdiction, and all presumptions, in the absence of anything to the contrary, must be construed in its favor. It has jurisdiction in cases of grand larceny, and may sentence a defendant, for such an offense, to imprisonment in the penitentiary for a period of seven years. (Crimes Act, § 79.) Section 250 of the criminal code reads as follows:

"SEC. 250. When any person shall be convicted of two or more offenses, before sentence shall have been pronounced upon him for either offense, the imprisonment to which he shall be sentenced upon the second or other subsequent conviction shall commence at the termination of the term of imprisonment to which he shall be adjudged upon prior convictions."

See, also, the case of *The State v. Carlyle*, 33 Kas. 716, and *The State v. Hodges*, 45 id. 390, 396, 397. Section 671 of the civil code provides, among other things, as follows:

"SEC. 671. No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following: . . . Second, upon any process issued on any final judgment of a court of

competent jurisdiction. . . . Fourth, upon a warrant or commitment issued from the district court, or any other court of competent jurisdiction, upon an indictment or information."

The cases from Ohio, to wit, *Williams v. The State*, 18 Ohio St. 46; *Picket v. The State*, 22 id. 405, and *Larney v. City of Cleveland*, 34 id. 599, referred to by counsel for the applicant, are not *habeas corpus* cases at all, but are cases taken from a lower court upon petition in error or appeal, and therefore can have but little if any application to this case.

The judgments of the district court of Leavenworth county in the cases numbered 2184 and 2193, notwithstanding their supposed indefiniteness, cannot be considered as void when attacked collaterally and in a *habeas corpus* proceeding, and therefore it must be held that the applicant, Joseph White, is now rightly imprisoned in the penitentiary under the first-mentioned judgment, and may, when his term expires under that judgment, be rightly imprisoned under the other judgment. The applicant must remain in the custody of the warden of the penitentiary.

All the Justices concurring.