*In re* C. C. Corum and W. O. Robinson.

**No. 11,818.**   (62 Pac. 661.)

1. Office and Officers—*Justice of the Peace and Police Judge.*
   A justice of the peace is not eligible to the office of police judge
   of a city of the second class; but if the police judge of such city
   be absent, sick, or disqualified from acting, a justice of the peace
   may temporarily act as police judge until such absence shall cease.

2. ———— *De Facto Officers—Collateral Attack.*   Where a per-
   son acting as police judge is, at least, a *de facto* officer and is
   holding a *de facto* court, the decisions made and judgments ren-
   dered by him are not void, and his title to office is not subject to
   collateral attack.

3. Jurisdiction—*Collateral Attack—Habeas Corpus.*   Where a
   final judgment of conviction is rendered by a court of competent
   jurisdiction, errors or irregularities in the proceedings or in the
   force and effect given to the testimony or any decision made by it
   on questions of law and fact within its jurisdiction cannot be re-
   viewed collaterally or corrected by *habeas corpus.*

Original proceeding in *habeas corpus.*   Opinion filed
November 10, 1900.   Petitioners remanded.

*Fairchild & Foley*, for petitioners.

*George L. Hay*, for respondent.

The opinion of the court was delivered by

Johnston, J.:   C. C. Corum and W. O. Robinson
were charged with selling goods in the city of King-
man without a license, in violation of a city ordinance,
and upon a trial in the police court were found guilty.
Failing to pay the fine imposed, they were taken into
custody, from which they seek to be relieved by the
writ of *habeas corpus.*

The petitioners attack the jurisdiction of the police
judge because the complaint was sworn to and the war-
rant issued by S. T. Palmer, a justice of the peace, who

was acting police judge in the absence of Moses Waggoner, the regular police judge. Attention is called to section 913, General Statutes of 1899 (Gen. Stat. 1897, ch. 37, § 18), in which it is provided that no person shall hold the office of police judge and justice of the peace at the same time. Standing with that provision, and as part of the law relating to cities of the second class, is another provision that if the police judge be absent, sick, or disqualified from acting, a justice of the peace shall act as police judge until such absence or objection shall cease. (Gen. Stat. 1899, § 993; Gen. Stat. 1897, ch. 37, § 100.) We think these provisions may be reconciled by interpreting the first to mean that a person holding the office of justice of the peace cannot be elected or appointed police judge; but if the police judge who has been elected or appointed be absent, a justice of the peace may be called in to act as police judge during his absence. In this view both provisions may stand and be given operation.

However, if the justice of the peace had been disqualified to act, it would not have invalidated the judgment that was subsequently rendered or justify the issuance of the writ. While the warrants were issued and recognizance taken by the acting police judge, the case was in fact tried, the judgment rendered and the commitment issued by Waggoner, who was regularly holding the office of police judge. The arrests were made without process, by officers in whose presence the offenses were committed, and hence the matter of the issuance of the warrants is of little consequence at this time. Irregularities preceding a judgment rendered by a court of competent jurisdiction cannot be corrected by a proceeding in *habeas corpus*. The police court had jurisdiction of the peti-

*In re* Corum.

tioners and of the offense charged against them, and its judgment is not a nullity which can be collaterally attacked ; and in such case the errors, if any were committed, must be corrected by an appeal.

Again, it is contended that as Waggoner had been appointed to fill a vacancy, and that, as there was no election for police judge at the ensuing election, the office became vacant, in the absence of an appointment subsequent to the election.  It is unnecessary to consider whether an election should have been held, as Waggoner had been appointed, had qualified, and was in the actual and undisputed possession of the office.  He was at least a *de facto* officer, holding a *de facto* court, and as such his acts were not void, and his title or right to the office was not subject to collateral attack.  ( *The State v. Williams*, 60 Kan. 837, 58 Pac. 476 ; *The State v. Williams*, 61 id. 739, 60 Pac. 1050.)

It is next contended by the petitioners that they were representing the L. B. Price Mercantile Company, of Kansas City, Mo. ; that orders were taken by them which required the approval of the company before the transactions or sales were completed, and, therefore, that the business in which they were engaged was interstate, and not subject to local control or to a license tax.  It may be remarked that neither the respondents nor the city claim that authority exists to impose a tax on interstate commerce.  The ordinance in terms excludes business of that character from its operation, and the claim of the city was that the business which the petitioners were carrying on in Kingman, in part at least, was done within the state. We cannot go behind the judgment or open up and review the evidence on which the judgment rests. The city had authority to impose a license tax on

*In re* Corum.

pedlers, and for that purpose an ordinance was passed, the validity of which is not assailed. The petitioners were charged with a violation of this ordinance before a court competent to try such violations. Upon a trial it was adjudged that the petitioners were guilty. The statute provides that no court or judge shall discharge a party held upon any process issued on any final judgment of a court of competent jurisdiction when the term of commitment has not expired. (Gen. Stat. 1897, ch. 96, § 91; Gen. Stat. 1899, § 4975.) The record shows every necessary jurisdictional fact, and upon its face the judgment is valid. It appears that one of the defenses made before the police court was that the business was interstate, while the city made a contrary contention, and the court determined this question in favor of the city, and whether it decided it rightly or not under the testimony is not open to inquiry by *habeas corpus*. (*In re Black, Petitioner*, 52 Kan. 64, 34 Pac. 414; 9 Encyc. Pl. & Pr. 1046.) If errors were committed in the proceedings in police court, or in the force and effect given the testimony before it, the remedy of the petitioners was an appeal to the district court. We think there is no merit in the claim that the city or its officers prevented the petitioners from taking an appeal, and upon the whole case we conclude that the relief asked must be denied.

The petitioners will be remanded.