*In re* JAMES NOLAN.

No. 13,865.    (75 Pac. 1025.)

SYLLABUS BY THE COURT.

CRIMINAL LAW — *Habeas Corpus — Sentence Not Void.* The petitioner was tried upon an information which charged him with burglary in the second degree. He was found "guilty as charged in the information." Under such information he might properly have been found guilty of a degree less than the second. He was sentenced and committed by the court to the Industrial Reformatory for an indeterminate period, as provided by law, where he is now being held as though he had been specifically found guilty of burglary in the second degree and sentenced for a term as long as is permissible for that offense. *Held,* that while such sentence may be irregular it is not void, and its irregularity will not avail to procure petitioner's discharge on a writ of *habeas corpus* from the commitment thereunder.

Original proceeding in *habeas corpus.* Opinion filed March 12, 1904. Writ denied.

*Hale & Maher,* for petitioner.

*C. C. Coleman,* for respondent.

The opinion of the court was delivered by

CUNNINGHAM, J. : The petitioner seeks by this original proceeding to be discharged from his confinement in the Kansas State Industrial Reformatory. He was proceeded against in the district court of Wyandotte county, by information charging him with burglary in the second degree and larceny. Upon his trial, the jury returned a verdict in the following language :

"We, the jury, find the defendant guilty of burglary and larceny as charged in the information, and we find the value of the property taken to be worth $12."

Thereafter, the court sentenced him to confinement in the Kansas State Industrial Reformatory, there to remain until discharged by law. The statute provides

for such a sentence, and that the court ordering it shall not fix the limit or duration of the imprisonment, the time of which is to be determined by the managers of the reformatory, as authorized by law, which time shall not exceed the maximum term of imprisonment provided for the crime of which the prisoner was convicted, which, in this case, is ten years. The petitioner is now being held as though he had been found guilty of burglary in the second degree and could lawfully be imprisoned for the maximum term.

The contention of the petitioner is this : That inasmuch as there was necessarily included in the crime charged the lesser degrees of burglary and larceny, when the jury returned a verdict that he was guilty as charged the verdict was so indefinite and uncertain in not stating the degree of which he was found guilty that it was insufficient to warrant any judgment or sentence, and, therefore, that his imprisonment under the sentence pronounced is void, a commitment thereunder being no sufficient warrant upon which to hold him. This contention is stated in the following language in petitioner's brief :

"That the judgment and sentence of the district court of Wyandotte county, Kansas, by virtue of which they pretend to hold him is so indefinite and uncertain as to the offense of which he was convicted and sentenced as to make it void, as no one could determine as to when, under the law, petitioner's term of imprisonment would expire."

This view is energetically contended for at great length, and is sustained by the quotation of numerous authorities from other states. Whether these decisions were made under statutes like our own we are unable to say. Section 671 of the code of civil pro-

cedure, section 5167, General Statutes of 1901, provides :

"No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody or discharge him when the term of commitment has not expired, in either of the cases following : . . . Second, upon any process issued upon any final judgment of a court of competent jurisdiction."

In this state the writ of *habeas corpus* is not designed as a proceeding to review the mere errors of trial courts. We may grant that the rendition of the judgment upon the verdict was an irregularity of which the petitioner might have availed himself on appeal, such having been the holding of this court in several cases, but that it was and is wholly void we cannot admit ; and, unless void, we may not inquire into the legality of the petitioner's detention thereunder in this collateral manner. The case of *In re Black, Petitioner*, 52 Kan. 64, 34 Pac. 414, 39 Am. St. Rep. 331, is exactly in point. The court there said :

"We think the record in this case shows that the district court regarded the verdict as a verdict of guilty of burglary in the first degree, and proceeded to sentence the defendant accordingly. In doing so the court acted judicially, and judicially determined the effect of the verdict. If the court erred, the defendant had his remedy by appeal. He neglected to avail himself of that right. We do not think he can now obtain his discharge from custody because of an erroneous decision of the court as to the force and effect of the verdict."

Following this case, we must deny the writ.

All the Justices concurring.