No. 32,859

In the Matter of the Petition of DON BUNDY for a Writ of Habeas Corpus.

(58 P. 2d 80)

Opinion filed June 6, 1936.

*T. W. Bell,* of Leavenworth, for the petitioner.

*Clarence V. Beck,* attorney general, and *J.˙S. Parker,* assistant attorney general, for the respondent.

The opinion of the court was delivered by

BURCH, C. J.: Don Bundy filed a petition for a writ of habeas corpus to discharge him from custody of the warden of the penitentiary. No writ was issued, but the warden was required to show by what authority the petitioner was detained. The warden made answer to the petition, and the cause was heard on the petition and the answer.

The petition and the answer disclosed that Bundy was charged in an amended information with murder in the first degree, a trial was had on the information, the jury returned a verdict of guilty of murder in the first degree, as charged in the information, judgment was rendered accordingly, and Bundy was sentenced to confinement in the state penitentiary for the period of his natural life, commitment was duly issued, and the warden was holding Bundy under the commitment.

It appears the case had been set for trial on November 27, 1934, but on November 23, 1934, the court changed the time of trial to 1:30 p. m., November 23, 1934. A motion to quash the information was then denied, a plea in abatement was then denied, and the state was given leave to file an amended information within three days. The journal entry of the proceedings on November 23, 1934, then reads:

"Whereupon, to try the issues in this case, the following named jurors, twelve good and lawful men selected from the regular jury panel of Miami

county, Kansas, to wit: [Names of jurors] were duly sworn to well and truly try the issues submitted to them and a true verdict render according to the law and evidence. And said jury being sworn as aforesaid, said cause is continued until the hour of 9:00 o'clock a. m., December 4, 1934."

Defendant and his counsel were present throughout the proceeding.

On December 4, 1934, the case came on for trial, pursuant to the previous setting. Defendant and his counsel were present. The journal entry of the proceedings recites selection of the same jurors to try the case who were chosen on November 23, the jurors were resworn, and the trial proceeded regularly to return of verdict of guilty.

The record does not contain a recital that when the jurors were allowed to separate on November 23 they were admonished pursuant to R. S. 62-1446, which reads:

"When the jurors are permitted to separate after being impaneled, and at each adjournment, they must be admonished by the court that it is their duty not to converse among themselves nor suffer others to converse with them on any subject connected with the trial, or to form or express any opinion thereon until the cause is finally submitted to them."

The petitioner's conclusion is that no admonition was given, and failure to give the admonition was error. Accepting the petitioner's conclusion as correct, the error was one which should have been called to the attention of the trial court by motion for new trial. If motion for new trial, based on that ground, were denied, the remedy was by appeal. The motion for new trial is in the warden's answer. No complaint was made that the jury were permitted to separate without admonition, and the error was waived.

Neither the petition nor the return shows that defendant was arraigned or entered a plea, or that a plea was entered for him. So far as the record shows, defendant made no objection to going to trial. He participated in the trial as if he had been arraigned, and pleaded not guilty, and the procedural steps of arraignment and plea were waived. (*State v. Stitz,* 111 Kan. 275, 206 Pac. 910.) Besides that, omission of the procedural steps constituted error only, and habeas corpus does not lie to relieve from errors and irregularities in proceedings. (*In re Nolan,* 68 Kan. 796, 798, 75 Pac. 1025.) Jurisdiction to try defendant on December 4 was not lost, and the habeas corpus statute reads:

"No court or judge shall inquire into the legality of any judgment or proc-

ess whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following:

· · · · · · · · · · · · · · · ·

"*Second.* Upon any process issued on and final judgment of a court of competent jurisdiction." (R. S. 60-2213.)

The writ is denied.