No. 36,528

Harry F. Hill, *Petitioner*, v. Robert H. Hudspeth, Warden of the Kansas State Penitentiary, *Respondent*.

(168 P. 2d 922)

Opinion filed May 4, 1946.

*Charles R. Barr* and *John M. Williams,* both of Topeka, argued the cause for the petitioner.

*Leon W. Lundblade,* assistant attorney general, argued the cause, and *A. B. Mitchell,* attorney general, was on the brief for the respondent.

The opinion of the court was delivered by

Burch, J.: The petitioner is a prisoner in the state penitentiary and seeks his release upon an application for a writ of habeas corpus on the principal grounds that he was denied assistance of counsel and that he was sentenced as a habitual criminal without being apprised properly that he would be sentenced under the statute applicable to such a status.

On July 6, 1938, petitioner, after waiving preliminary, was arraigned, pleaded guilty to the crime of burglary in the second degree and to the crime of grand larceny as defined by G. S. 1935, 21-516 and 21-533, and was sentenced to be confined in the penitentiary until discharged therefrom as provided by law. Over seven years thereafter he filed in this court a petition for a writ of habeas corpus. This court has appointed counsel for him and such counsel have interviewed the petitioner, filed a supplemental petition for a writ, filed abstracts and briefs, and orally argued the case in his behalf.

The errors complained of are as follows: (1) That the petitioner was refused aid of counsel in violation of G. S. 1935, 62-1304;

(2) that no evidence was introduced of previous convictions of the prisoner as required by G. S. 1935, 21-107a, known as the habitual criminal act; (3) that after his conviction he was not timely apprised that a sentence under the habitual criminal act was going to be demanded against him and that he was thereby deprived of an opportunity to show cause why such sentence should not be imposed; and (4) that there was no evidence from all of the obtainable record upon which the court could have found the defendant guilty of two prior convictions. The contentions will be considered in the order of their assertion.

1. The petitioner has filed his affidavit designated as "Statements of Facts." Among other statements therein is a conclusion reading: "The petitioner, Harry F. Hill, was denied the help or assistance of counsel by the said court of Reno county, Kansas." Nothing more appears in the affidavit pertaining to the denial of counsel and the original petition as filed alleged only a similar conclusion of fact. A second affidavit, filed by the petitioner on February 1, 1946, states that he tried to get counsel while he was in jail but that the deputy sheriff who knew of such request, is dead. The prisoner's statement to the effect that he was denied right of counsel is unsupported by any other evidence. An examination of the record indicates that the court reporter either was not present during the proceedings or failed to make any record of the proceedings held in connection with the acceptance of the petitioner's plea and his subsequent sentence to the penitentiary. The journal entry covering the sentence and commitment of the petitioner does not recite anything relative to a request for counsel by the petitioner or that such a request was denied. Such journal entry only sets forth that when the defendant was arraigned he entered a plea of guilty to the offenses charged in the information. However, counsel for the respondent have filed in this court the affidavit of the Honorable J. G. Somers, who was at the time judge of the district court before which the prisoner entered his plea. Such affidavit sets forth that the affiant does not have a personal recollection of this particular case but that he does know that in each criminal case wherein a defendant appeared for plea and sentence without an attorney representing him the following would occur. We quote from the affidavit:

"'Do you have an attorney?' If the answer was 'No' the defendant was then asked: 'Do you want me to appoint an attorney to represent you?' If

the answer was an unequivocal 'No,' the county attorney was then directed to read the information aloud. Occasionally a discussion would occur between the court and the prisoner regarding the appointment of an attorney in case the prisoner did not definitely state he did not want one, the discussion in many cases resolving in either an unequivocal statement from the defendant that he did not want an attorney, or in case he was undecided, an attorney was invariably appointed.

"In all cases where subnormal intelligence was apparent in the defendant, or where the defendant was a youth charged with a serious offense, an attorney was appointed by this affiant whether requested or not.

". . . This procedure as outlined above was followed in this case, and had this defendant asked that a lawyer be appointed to represent him, or even indicated that he wanted one, a lawyer would have been appointed and the case deferred until that lawyer had had an opportunity to confer with the defendant.

"Your affiant is positive that from the fact no lawyer was appointed by him to represent this defendant, that the defendant did not want a lawyer and so stated to this affiant."

In addition to such affidavit counsel for the respondent have filed the joint affidavit of two attorneys; namely, Gerald C. Stover and J. Richard Hunter, who were the deputy county attorneys appearing of record in behalf of the state at the time the petitioner entered his plea. Such affidavit sets forth that the affiants were in the court-room at the time the petitioner was sentenced, and continues as follows:

"Affiants further state that before the said defendant Harry Hill was arraigned that to the best of their recollection he was offered counsel, but that the offer was refused."

At the time the proceedings herein referred to occurred, G. S. 1935, 62-1304, was in effect. Such statute only required that it was the duty of the court to assign counsel for an accused "at his request." Our present pertinent statute; G. S. 1943 Supp., 62-1304, reads quite differently but such statute does not operate retroactively. See *Crebs v. Hudspeth,* 160 Kan. 650, 657, 164 P. 2d 338.

Relative to the showing made by the respondent, some significant comments appear in prior decisions of this court; for example, from the opinion in the case of *Fairce v. Amrine,* 154 Kan. 618, 121 P. 2d 256, written by Mr. Justice Harvey, now Chief Justice, the following is quoted:

"The fact that Mr. Palmer and Judge McCamish spoke of their uniform practice in cases of this character rather than from their detailed recollection of the Fairce case does not weaken their testimony. In the course of the years of their service they had many cases in which the procedure was some-

what similar. Unless there was some unusual feature it is likely they would not remember details of the case five years after it was handled." (p. 627.)

The affidavit of the Honorable J. G. Somers in this case is strikingly similar to his affidavit filed in the case of *Ables v. Amrine*, 155 Kan. 481, 126 P. 2d 231. Not only is the affidavit similar but the journal entries in the two cases are almost identical. In the last-cited case upon the strength of similar affidavits filed by the presiding judge and by the county attorney and the deputy county attorney, this court said, in the face of more positive testimony than that produced by the petitioner in the present case—

"The question whether petitioner was denied the assistance of counsel in his criminal trial in Reno county is one of disputed fact, and the burden of proof is on the petitioner. We do not think petitioner has sustained that burden." (p. 485.)

This court has held also that a recital in a journal entry that the accused was without counsel is not the equivalent of a showing that the accused was denied counsel. See *Garrison v. Amrine*, 155 Kan. 509, 126 P. 2d 228, from which paragraph two of the syllabus is quoted as follows:

"On an application for a writ of habeas corpus based upon an allegation that in their criminal trial the petitioners were denied the assistance of counsel, it is held that a recital in the journal entry of judgment that they were without counsel did not show that they were denied counsel; and on the same issue of fact the petitioners did not sustain the burden of proof, and the evidence adduced in respondent's behalf clearly showed that the assistance of counsel was not denied."

Again and again this court has held that a writ of habeas corpus will not be allowed on the uncorroborated and unsupported statements of the petitioner. (See *Cochran v. Amrine*, 153 Kan. 777, 113 P. 2d 1048, and *Wooner v. Amrine*, 154 Kan. 211, 117 P. 2d 608.) Since the question is not new or undecided in this jurisdiction, there is no occasion to prolong the opinion on the point under consideration by further discussion or citation of authorities. Under our decisions the petitioner has not sustained the burden of proof and consequently, his contention that he has been denied and refused the aid of counsel cannot be sustained.

2. The petitioner contends that there was no evidence introduced showing his previous convictions. The record is not silent on this point. The journal entry reads as follows:

"Thereupon, the Court, being shown by competent evidence that the defendant, Harry Hill has been previously adjudged guilty of two felony crimes,

to wit: The crime of unarmed robbery in Jackson, Michigan, under the name of Jack Rockford in the year of 1927, and second, the crime of burglary in the second degree in Riverside County, California, in the year of 1932. The Court finds that the Defendant herein, Harry Hill, should be sentenced under the habitual criminal act of the state of Kansas."

This court cannot, in behalf of the prisoner, indulge in the presumption that the district court, in view of its finding as set forth in the journal entry, did not have any competent evidence before it upon which to base the finding even if the record as preserved does not disclose the exact evidence introduced in support of the finding. Sufficient evidence must have been before the court; otherwise, there would have been no basis for the specific finding as to the time, place and nature of the crimes previously committed by the petitioner. Such specific details could not possibly have been created by imagination on the part of the court. The prisoner does not contend in either of the affidavits filed by him that the record does not recite the truth. In fact, his affidavits in effect confess the facts. The "Statements of Facts," which he filed, contains the following:

". . . Then Judge Somers stated Defendant, I see where you have been in prison in Michigan, and California, is that right? The Defendant herein, 'replied,' your Hon. has California, or Michigan, anything to do with this case?"

His supplemental affidavit reads as follows:

"That there was no notice of previous convictions from the record or other competent evidence as required by the General Statutes of 1935, Sec. 21-107a. No such record of previous convictions or other evidence was introduced; or if such evidence were introduced, the defendant was not aware of it. That he was not given any opportunity to examine or determine what evidence was submitted to the Court [before it] made a finding that he was a habitual criminal. And that from the time he was sentenced on July 6, 1938, until served with the answer to this action by the Attorney General of Kansas, seven years later while in the Kansas State Penitentiary, did he learn of any evidence against him as a habitual criminal, and this evidence was a purported copy of a report of the F. B. I. dated after his sentence and of which the petitioner had no knowledge nor opportunity to deny until some seven years after his conviction and imprisonment."

Careful examination of his affidavits fails to disclose any denial of the facts on the part of the prisoner even after he had the benefit of advice from competent counsel appointed by this court. In habeas corpus cases, as in appeals in criminal cases, this court is concerned primarily with whether there has been any imposition upon the substantial rights of the accused. (See G. S. 1935,

62-1718.) In furtherance of a determination of such substantial rights, the respondent has introduced a transcript of the record (No. 31354) of the Federal Bureau of Investigation, which confirms the previous convictions of the petitioner as recited in the journal entry. The transcript herein referred to, signed by J. E. Hoover as Director of the Federal Bureau of Investigation, is dated August 2, 1938, which date is subsequent to the date of the petitioner's arraignment and plea. Regardless of such fact, however, it is competent evidence for this court to consider in connection with the petitioner's petition for a writ of habeas corpus in order to determine whether the substantial rights of the petitioner have been imposed on by the courts of this state. Even in the absence of such a showing, however, the recitals in the journal entry, particularly in the absence of denial of facts on the part of the petitioner, would be sufficient to justify this court in denying the petitioner's contention that no evidence was introduced to sustain his previous convictions. This court is convinced that no imposition upon the prisoner has occurred in such respect and consequently, his second specification of error cannot be sustained.

3. The petitioner complains further that he was not timely apprised of the fact that a sentence would be imposed upon him under the habitual criminal act. In support of such contention his counsel rely upon the following statement from *State v. Woodman*, 127 Kan. 166, 272 Pac. 132:

"After conviction, however, and before the allocution the defendant should be timely apprised that a sentence under the act of 1927 will be demanded against him, so that he may show cause, if he can, why such higher penalty should not be imposed." (p. 172.)

The foregoing statement also was quoted with approval by this court in the case of *Levell v. Simpson*, 142 Kan. 892, 52 P. 2d 372. Consideration of the question necessitates a finding of fact. Again, it must be said that habeas corpus is a civil remedy and the petitioner must sustain the burden of proof. While the petitioner in this case admits that he was interrogated as to his prior convictions, he denies that he was ever advised that such convictions would result in his being sentenced as a habitual criminal. The record in the case does not disclose whether he was so advised but in the affidavit of the assistant county attorneys, whose names appear as attorneys of record upon the original journal entry, the following statement is made:

"Affiants further state that the defendant was questioned as to his former convictions, and that the defendant admitted two felony convictions described in the Journal Entry of sentence."

Later in the affidavit appears the following:

·"Affiants further state that the defendant Harry Hill, or Harry F. Hill, was fully advised as to the fact that he was being sentenced under the habitual criminal act because of prior convictions."

Consequently, we have no difficulty in holding that the prisoner has not sustained the burden of proof. Regardless of such fact, however, it may be noted that under the procedure in this state it is not necessary to set forth in the complaint, warrant or information that the accused is charged as a habitual criminal. This court has recognized that there is a conflict of authority upon the question in other jurisdictions but has adopted the rule that the prisoner's rights are better protected if evidence of prior convictions is not introduced in connection with the trial of the crime with which he is charged. Under our practice when he is charged and tried for a crime, his previous record may not be used to influence the jury to convict him of the charged crime. The rule may have some exceptions but we are not concerned with such exceptions in this case. It follows, under our procedure, that an accused is not entitled to a trial on the question of whether he has been convicted of other felonies on other occasions. The question whether a man is a habitual criminal involves only the severity of the penalty. If the penalty is too severe, the problem is one for the legislature— not for the court. As was said in *Levell v. Simpson,* supra:

"If we should concede that the sentences imposed under the act are excessive, that feature would not render it unconstitutional." (p. 897.)

Moreover, as was pointed out in the last-cited case, the Supreme Court of the United States has held that if the state adopts the policy of imposing a heavier punishment for repeated offending, that such an act on the part of the state does not violate any constitutional safeguards and that there is no basis for contentions, under such statutes, that the accused has been put in double jeopardy, or that any of his privileges or immunities as a citizen of the United States have been abridged. (See *Graham v. West Virginia,* 224 U. S. 616, 56 L. Ed. 917, 32 S. Ct. 583.) We may observe again that it is better practice for a court upon accepting a plea of guilty to apprise an accused that he will be sentenced under the habitual criminal act and permit him to show cause, if he can, why

such higher penalty should not be imposed but the failure to do so would constitute only a trial irregularity and trial irregularities cannot be corrected or reviewed on a petition for a writ of habeas corpus. (See G. S. 1935, 60-2213; *Franklin v. Westfall,* 27 Kan. 614; *In re White, Petitioner,* 50 Kan. 299, 32 Pac. 36; *In re Black, Petitioner,* 52 Kan. 64, 34 Pac. 414; *In re Corum,* 62 Kan. 271, 62 Pac. 661; *In re Nolan,* 68 Kan. 796, 75 Pac. 1025; and *In re Bundy,* 144 Kan. 64, 58 P. 2d 80.)

4. The last contention of the petitioner is that there was no evidence shown in the obtainable record upon which the court could have found the defendant guilty of two prior convictions. In substance the contention is a repetition of the second specification of error and does not necessitate further consideration.

The petition for the writ is denied.