No. 37,303

In the Matter of the Application of CHARLES PHILLIPS for a Writ of Habeas Corpus.

(192 P. 2d 520)

Opinion filed April 26, 1948.

*Dan Cowie,* of Topeka, argued the cause and was on the briefs for the petitioner.

*Warren Shaw,* of Topeka, argued the cause and was on the briefs for the respondent.

The opinion of the court was delivered by

HARVEY, C. J.: This is an original proceeding in habeas corpus. Briefly stated, the petition filed by plaintiff, the answer of the respondent which includes a copy of the journal entry and the proceedings in the trial court, and the stipulated facts, disclose the

following: The petitioner was duly charged by information filed in the district court of Shawnee county, third division, of the burglary in the nighttime of a drugstore and the stealing therefrom of numerous described items of merchandise and a small amount of money, all alleged to be of the value of $366. The trial began on the morning of March 8, 1948, and proceeded regularly until the morning of March 10, when the jury retired to consider its verdict, the court having furnished them with the several forms of verdict deemed appropriate. At 11:40 o'clock a. m. the jury returned into court with a verdict which reads (omitting caption and signature of foreman):

"We, the jury impaneled and sworn in the above entitled case, do, upon our oaths, find the defendant, Charles Phillips, guilty of larceny, as charged in the Information."

The court, after examining the same, advised the jury to retire to its jury room to enter the verdict upon another form. While this verdict was not preserved we were told at the argument that the jury had used the form of verdict proper to be used in the event the jury found the defendant guilty of "burglary and larceny as charged in the information," and upon that form a line had been drawn with pen and ink through the words "burglary and," leaving it to read as above quoted. Defendant and his counsel and counsel for the state were present at the time, but the verdict was not shown to them. None of them asked to see it and no objection was made to the court's direction to the jury to retire and bring in their verdict upon another form. At 11:55 a. m. the jury returned into court a verdict which reads (omitting the caption and signature of the foreman):

"We, the jury impaneled and sworn in the above entitled case, do, upon our oaths, find the defendant, Charles Phillips, guilty of larceny as charged in the Information, and we fix the value of the property at $15.10, and not guilty of burglary."

After examining that verdict the court announced a recess until 2:00 o'clock p. m. All parties appeared as before, and the jury being present the court stated:

"Members of the Jury, it happens to be the law that before the Court is permitted to accept a verdict from any jury that the Court must be satisfied with it. The Court is not satisfied with the verdict which you handed in just before noon. May I suggest that when you go back to your jury room that you again read the instructions carefully, and that you consider those instructions in the light of the evidence which you heard from the witness stand. You may go with Mr. Taylor" (the bailiff).

No objection was made by the defendant or by counsel on either side to the proceedings had, and no request was made to poll the jury, and it was not polled. At 2:15 p. m., the parties being present as before, the jury returned a verdict which reads (omitting caption and signature of foreman):

"We, the jury impaneled and sworn in the above entitled case, do, upon our oaths, find the defendant, Charles Phillips, guilty of larceny, and we fix the value of the property at $366.00, and not guilty of burglary."

Upon this verdict the jury was polled at the direction of the court and each of the jurors stated that the verdict last set forth was his verdict and that he was satisfied therewith. The court received and accepted the verdict and discharged the jury. No objection was made to the reception of this verdict or any of the proceedings of the court had at that time. The court fixed the date of March 15 to impose sentence. By that date defendant had filed a motion to set aside the verdict received by the court upon the ground that the jury had theretofore found defendant guilty of petty larceny which resulted in a legal acquittal of the charge of grand larceny as found by the jury in the verdict approved, and that the verdict approved had placed defendant twice in jeopardy upon the charge of grand larceny. Upon that motion being filed the court continued the hearing of the motion until March 24. On March 19 defendant filed a motion asking the court to receive the verdict finding the defendant guilty of larceny and fixing the value of the property at $15.10, to order the recording of the same, and to pronounce judgment on the verdict. On March 24 the court heard arguments upon both of the motions and overruled each of them, and at defendant's request deferred sentence until March 26. No motion for a new trial was filed. On March 26 the court asked defendant if he had any legal reason to offer why sentence should not be imposed, whereupon the defendant renewed his post-trial motions, which were again considered by the court and overruled. No other reason being shown why sentence should not be pronounced the court sentenced defendant to confinement in the state penitentiary until discharged according to law. At the request of defendant, who announced that he intended to file a proceeding in habeas corpus in this court, the sheriff was directed to retain the custody of defendant pending the hearing of the habeas corpus action.

This proceeding was filed in this court on March 29, 1948, at a time when respondent had custody of the petitioner under the sen-

tence of the court above mentioned. Counsel for appellant argues that the verdict upon which the petitioner was sentenced is void for the reason that the jury had previously returned a verdict of petty larceny and that the court had no jurisdiction to impose sentence upon the last verdict returned by the jury. The point is not well taken. The jury had the entire case before it until it returned the verdict upon which sentence was imposed. If there was any irregularity or error of the trial court in the matters previously summarized as appearing from the record here, it could be at the most a trial error. Counsel for petitioner argues that the reception of the verdict is a ministerial as distinct from a judicial act, citing as authority therefor *State v. McKinney,* 31 Kan. 570, 584, 585, 3 Pac. 356; *State v. Keehn,* 85 Kan. 765, 794-800, 118 Pac. 851; and *In re Brown,* 139 Kan. 614, 621, 32 P. 2d 507. The statement as made by counsel is too broad. See 23 C. J. S. 1067; *State v. Bridges,* 29 Kan. 138; *State v. Carrithers,* 79 Kan. 401, 99 Pac. 614; *State v. Frey,* 111 Kan. 798, 208 Pac. 574; *State v. Seidel,* 113 Kan. 390, 214 Pac. 565; *State v. Wilson,* 128 Kan. 756, 280 Pac. 769; and *State v. Miller,* 154 Kan. 267, 118 P. 2d 561. However, as previously stated herein, there was no motion for a new trial and this is not an appeal from the judgment and sentence imposed by the trial court.

It is well settled that the court in habeas corpus will not discharge one under sentence for mere trial errors. Our pertinent statute (G. S. 1935, 60-2213) reads:

"No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following: . . . *Second,* Upon any process issued on and final judgment of a court of competent jurisdiction. . . ."

Habeas corpus is never a substitute for appeal. Our decisions upon that point are numerous. Some of them will be cited: *Ex parte Nye,* 8 Kan. 99; *In re White, Petitioner,* 50 Kan. 299, 301, 32 Pac. 36; *In re Corum,* 62 Kan. 271, 274, 62 Pac. 661; *In re Nolan,* 68 Kan. 796, 798, 75 Pac. 1025; *In re Hornung,* 81 Kan. 180, 183, 105 Pac. 23; *In re Gano,* 90 Kan. 134, 132 Pac. 999; *In re Peters,* 124 Kan. 455 (syl. 2), 260 Pac. 975; *In re Bundy,* 144 Kan. 64, 58 P. 2d 80; *Lee v. Prather,* 146 Kan. 513 (syl. 3), 71 P. 2d 868; *In re MacLean,* 147 Kan. 678, 78 P. 2d 855; *Hutton v. Amrine,* 153 Kan. 436, 111 P. 2d 540; *Kneisley v. Hudspeth,* 161 Kan. 772, 173 P. 2d 247.

We have considered all of the arguments and the authorities cited by the petitioner and find nothing that would authorize or justify the issuance of the writ prayed for. It is therefore denied.