No. 37,561

LEWIS R. SIMS, *Petitioner*, v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent*.

(203 P. 2d 129)

Opinion filed March 5, 1949.

*Lewis R. Sims,* pro se.

*Edward F. Arn,* attorney general, and *Harold R. Fatzer,* assistant attorney general, were on the brief for the respondent.

The opinion of the court was delivered by

PRICE, J.: In an original proceeding in habeas corpus the petitioner, Lewis R. Sims, seeks his release from the state penitentiary where he is now confined following his conviction on October 12, 1946, in the district court of Reno county, of the offenses of "prison break" (G. S. 1935, 21-732) and the larceny of an automobile (G. S. 1935, 21-533), the sentences being by the court ordered to run concurrently.

His application for a writ alleges in substance:

1. That he was proceeded against by informations rather than indictment by a grand jury as required by the Fifth and Fourteenth Amendments to the Constitution of the United States and that he is, therefore, imprisoned without due process of law and in direct violation of the Constitution of the United States.

2. That the Constitution of the State of Kansas does not provide for the filing of an information against one accused of a felony and that the filing

of such informations against him is a direct violation of his rights and of the Constitution of the State of Kansas and that his imprisonment is, therefore, unlawful.

3. That Section 62-801, G. S. 1935, which provides that offenses may be prosecuted in the court having jurisdiction either by indictment or information, is unconstitutional, null and void, contrary to the Constitution of the United States of America and the Constitution of the State of Kansas and that, therefore, his prosecution and imprisonment on said informations are a direct violation of his rights under both the federal and state constitutions.

4. That on September 17, 1946, he was placed in solitary confinement in the Kansas State Industrial Reformatory at Hutchinson, Kansas, with very little to eat; that he was held incommunicado and not allowed to write any letters or receive letters or visitors; that by threats of a long period of such solitary confinement an officer of the reformatory forced him to sign a waiver of counsel and that by reason of such actions on the part of the officers he was denied the right to assistance of counsel, in violation of the Sixth Amendment to the Constitution of the United States.

5. That on October 12, 1946, he entered an alleged plea of guilty to each of the charges against him but that said alleged pleas of guilty were not free, intelligent and voluntary pleas of petitioner but were secured by fraud, coercion and deceit; that he was not informed of his rights but by misrepresentation on the part of the officers of the court and the officials of the reformatory he was deceived, tricked and induced to enter such pleas against his will and wishes.

6. That the issues raised by his petition are questions of fact; that he is a material witness; that unless he is permitted to appear and testify in person in support of such allegations he will be deprived of his day in court and that to permit the respondent to introduce affidavits in said action will be a denial to petitioner of his right to cross-examine said witnesses and will constitute an *ex parte* hearing.

His prayer is that a writ of habeas corpus issue; that he be discharged from said unlawful imprisonment and that an additional writ of habeas corpus *ad testificandum* issue for the person of the petitioner so that he may appear personally on the hearing of the matter to testify in support of his allegations.

Respondent's answer denies generally the allegations of the petition and asserts that petitioner is lawfully in custody under and by virtue of valid judgments and sentences of the district court of Reno county, Kansas. In addition thereto respondent has filed with this court affidavits of the district judge who sentenced petitioner, of the then county attorney, of the superintendent of the Kansas State Industrial Reformatory, of the day captain of said reformatory, and a certified photostatic copy of the court proceedings with reference to the waiver of counsel on the part of petitioner at the time he entered his pleas of guilty and was sentenced by the district court.

The first three questions raised by petitioner have been answered adversely to his contention in the recent case of *Bailey v. Hudspeth,* 164 Kan. 600, 191 P. 2d 894, in which it was held that prosecution by information in a Kansas court of competent jurisdiction for a felony is not in violation of any constitutional provision.

From the record before us it appears that on September 16, 1946, the petitioner, while confined in the Kansas State Industrial Reformatory, escaped therefrom with three other inmates. That shortly afterwards they stole an automobile at Sylvia, Kan., and were apprehended with it at Russell and that petitioner and the other escapees were returned to the reformatory on September 17 and placed in solitary confinement.

As to the fourth point raised by petitioner, the affidavits of the superintendent and the day captain of the reformatory state that petitioner and the others were taken before the city court of Hutchinson on September 18, at which time petitioner waived a preliminary hearing on each charge and he was then returned to the reformatory where he was confined until October 12. During this period he was furnished with two light meals per day, was visited by the officer in charge several times each twenty-four hours and by a doctor twice each week. At no time during his confinement in the reformatory was he even asked to sign a waiver of counsel.

With reference to petitioner's fifth contention, namely, that his pleas of guilty were not free, intelligent and voluntary but were secured by fraud, coercion and deceit and that he was tricked and induced to enter such pleas and was not informed of his rights, we have before us the affidavits of the then county attorney and of the district judge who sentenced him, which state that when petitioner was brought before the district court of Reno county on October 12, 1946, he was duly arraigned on each of the charges against him; that his right to counsel was fully explained to him; that he, in open court, waived his right to counsel and then voluntarily and in open court signed a waiver of counsel as to each charge, following which he entered his plea of guilty to each of said charges. Furthermore, we have before us the certified photostatic transcript of the proceedings with reference to arraignment, the court's explanation with reference to petitioner's right to counsel, his waiver of counsel, the signing of his declination of same, and the sentence of the court in each case.

Concerning petitioner's last point, that is, that he be permitted to appear and testify in person in support of his allegations, the rule is, and is adhered to in this case, that in all habeas corpus proceedings statements of fact made by the petitioner in his pleadings and in support of his petition are given the weight to which they would have been entitled had he been personally present and testified in open court as a witness.

This court is committed to the doctrine that in a habeas corpus proceeding where one convicted of crime attacks a judgment under which he has been sentenced, on the ground his constitutional rights have been violated, he has the burden of establishing, by a preponderance of the evidence, the facts disclosing the violation of such rights and we have repeatedly held that the unsupported and uncorroborated statements of the petitioner in such a proceeding do not sustain the burden of proof or justify the granting of a writ.

An examination of the record in this case convinces us that in each step of the proceedings the rights guaranteed to petitioner were fully protected in every respect. The record discloses that he voluntarily entered his plea of guilty to each of said charges after he had freely and in open court waived his rights to counsel following a full explanation of those rights by the court. The record not only fails to show intimidation and coercion on its face but clearly reveals strict compliance with statutory provisions enacted for the protection of persons accused of crime. We have repeatedly held that the records of courts are not to be set aside upon the unsupported statements of a defeated litigant. (*Long v. Hudspeth,* 164 Kan. 720, 192 P. 2d 169.)

No reason appears for the granting of the writ as prayed for and it is therefore denied.

ARN, J., not participating.