No. 37,578

Donald K. Slater, *Petitioner*, v. Robert H. Hudspeth, Warden of the Kansas State Penitentiary, *Respondent*.

(204 P. 2d 698)

Opinion filed April 9, 1949.

*Donald K. Slater*, pro se.

*Harold R. Fatzer*, attorney general, and *C. Harold Hughes*, assistant attorney general, were on the briefs for the respondent.

The opinion of the court was delivered by

Parker, J.: In this proceeding Donald K. Slater seeks the issuance of a writ of habeas corpus directing his release from the state penitentiary where he is now confined by the warden of that institution under concurrent sentences imposed by the district court of Reno county on October 12, 1946, upon pleas of guilty entered by

him to two felony charges, namely, breaking prison (G. S. 1935, 21-732) and larceny of an automobile (G. S. 1935, 21-533).

Since the grounds relied on for the issuance of a writ can be stated and disposed of at the same time it will be unnecessary to detail the pleadings.

Petitioner's first three claims, all based upon the premise he was prosecuted by information instead of indictment and hence deprived of rights guaranteed him by the federal and state constitutions, have been denied by this court in *Bailey v. Hudspeth*, 164 Kan. 600, 191 P. 2d 894, and numerous subsequent decisions, to which we adhere.

The remaining grounds on which petitioner relies for relief are factual in character. In their disposition we shall give all statements of fact made by the applicant, both in his pleadings and in affidavit form, the weight to which they would have been entitled had he been personally present and made them as a witness during the trial of his cause.

In grounds 4 and 5 of his application for a writ petitioner asserts that waivers of counsel executed and pleas of guilty entered by him in the two proceedings wherein he received the sentences heretofore described were obtained by threats, duress, fraud, deceit, force and coercion. His claims to that effect are supported solely by his own uncorroborated statements. On the other hand, they are refuted by the testimony of at least three witnesses. Moreover, it appears from a certified transcript of the proceedings had in the court below that the trial court was particularly careful about advising petitioner as to his constitutional and statutory rights under conditions and circumstances where, even if his claims pertaining thereto had not been controverted by testimony of responsible and reputable witnesses, he could not now be heard to say that either his waivers of counsel or his pleas of guilty were not freely and voluntarily made with full and complete information as to the consequences resulting therefrom.

Faced by a record such as has been here outlined we need not expressly hold, as we well might do, that petitioner's claims with respect to the factual points in question are not true. The established rule in this jurisdiction, restated and reapproved in the recent case of *Sims v. Hudspeth*, 166 Kan. 667, 203 P. 2d 129, is that the unsupported and uncorroborated statements of petitioners in

habeas corpus cases do not sustain the burden of proof when factual questions are in controversy or suffice to impeach the authenticity of recorded judicial proceedings.

The record fails to establish petitioner is illegally restrained of his liberty or entitled to any relief in habeas corpus. Therefore the writ is denied.