No. 40,318

HARRY PLASTERS, *Petitioner*, v. ARTHUR HOFFMAN, Warden, Kansas State Penitentiary, *Respondent*.

(305 P. 2d 858)

Opinion filed January 12, 1957.

*Harry Plasters, pro se.*

*Robert J. Roth*, Assistant Attorney General, argued the cause, and *John Anderson, Jr.*, Attorney General, was with him on the briefs for the respondent.

The opinion of the court was delivered by

PARKER, J.: This is an original habeas corpus proceeding in which the petitioner, who is now an inmate of the state penitentiary because of a judgment rendered by the district court of Wilson County on March 23, 1942, sentencing him to life confinement in that institution under the habitual criminal statute (G. S. 1941 Supp., 21-107a) on his plea of guilty of the crime (G. S. 1935, 21-431) of assault with a deadly weapon with intent to kill one C. O. Vice, seeks his release from confinement under such sentence on grounds hereinafter related.

The first claim relied on by petitioner as warranting the issuance of a writ is that he was not afforded a preliminary examination on the involved charge prior to conviction and sentence. This claim lacks merit and cannot be upheld for the simple reason his own evidence, in the form of a certified copy of a transcript of a justice of the peace of Fredonia City Township in Wilson County, affirmatively discloses that he was granted such an examination on the charge in question on March 16, 1942, and, under a finding there was probable cause to believe him guilty of the commission of such offense, was bound over to the district court of Wilson County to stand trial for its commission. Moreover, under decisions dealing with like contentions, this court has held that a person charged with the commission of a felony waives his right to a preliminary hearing by entering a plea of guilty in the district court (see e. g., *Cooper v. Hudspeth,* 166 Kan. 239, 240, 199 P. 2d 803; *Foster v. Hudspeth,* 170 Kan. 338, 340, 224 P. 2d 987).

An examination of the record discloses that the respondent attached to his original answer and return copies of the information, the journal entry of judgment and the order committing petitioner to the penitentiary. It further reveals that copies of statements, made by the district judge and by the county attorney, which were sent to the warden of the state penitentiary along with the commitment, are also attached to such pleading. Notwithstanding petitioner contends respondent failed to attach to his answer the records from the Wilson County district court. What has just been related makes it obvious this contention is fallacious and deserves no further attention.

Next it is asserted that the journal entry of the district court does not show that judgment was rendered "for the proffered charges." The instrument thus questioned recites in substance that the information was read to the petitioner; that he pleaded guilty to the charge therein contained; that thereafter evidence was introduced as to prior convictions; and that thereupon, after stating it was of the opinion section 21-107a of the 1941 Supplement to the General Statutes of Kansas for 1935 applied, the trial court imposed sentence accordingly. The journal entry refutes this charge, hence it must be denied.

The established rule in this jurisdiction, repeatedly restated and reaffirmed in our decisions (See, e. g., *Sims v. Hudspeth,* 166 Kan. 667, 203 P. 2d 129; *Slater v. Hudspeth,* 167 Kan. 111, 204 P. 2d 698), is that the unsupported and uncorroborated statements of petitioners

in habeas corpus cases do not sustain the burden of proof when factual questions are in controversy or suffice to impeach the authenticity of recorded judicial proceedings.

The record makes it clear that on March 23, 1942, the date petitioner was sentenced to life imprisonment under the provisions of G. S. 1941 Supp., 21-107a, the trial court had before it competent evidence establishing that theretofore he had been convicted of four separate felonies, all in the courts of Kansas, one in the district court of Miami County and three in the district court of Wilson County. In fairness it should be stated petitioner makes no denial of these convictions. Instead he charges that two of the prior Wilson County judgments, one wherein he was convicted and sentenced to the penitentiary for the crime of second degree burglary and another wherein he was convicted and sentenced to the same institution for the crime of larceny of an automobile, are invalid because he was not accorded a preliminary hearing in either of those two cases; and that the Miami County judgment rendered in May 1928 is invalid because at the time of its rendition he was not represented by counsel and was only eighteen years of age.

The records of the two Wilson County district court judgments, of which complaint is made, are before us. There it affirmatively appears that petitioner, then a man of mature years and while represented by counsel, entered a plea of guilty in each case. Thus, applying the rule announced in *Cooper v. Hudspeth,* supra, and *Foster v. Hudspeth,* supra, it becomes apparent there is no merit to petitioner's claims that the Wilson County judgments are void even though, absent the records of the examining magistrate, it be assumed he was not given a preliminary hearing in either such cases.

From what has been heretofore related it becomes apparent that on the date of the judgment sentencing petitioner to life imprisonment the trial court had evidence before it of three prior valid convictions of felony, even without the Miami County judgment. Under the statute (21-107a) and our decisions (See, e. g., *Fitzgerald v. Amrine,* 154 Kan. 209, 117 P. 2d 582; *State v. Liebeno,* 163 Kan. 421, 183 P. 2d 419; *Jamison v. Hudspeth,* 168 Kan. 565, 566, 213 P. 2d 972) two such prior convictions were enough to sustain the judgment. Therefore, disregarding the Miami County judgment, we hold the life sentence was properly imposed.

Finally it is argued petitioner should have had timely notice

that he was to be given a life sentence under the Habitual Criminal Act. The unrefuted facts are that he was represented by competent counsel throughout the entire case, that neither he nor his counsel made any objection to the evidence of prior convictions offered by the state after he had entered his plea of guilty. Moreover, the journal entry recites that after the introduction of such evidence and a statement by the trial court that under the circumstances 21-107a applied, petitioner was asked if there was any reason why sentence should not be passed upon him and gave a negative answer. Under the foregoing circumstances, and in the face of other facts of record, we doubt it can be said that petitioner had no notice he was to be sentenced under the statute in question. Even so it is neither necessary nor required that we labor that question. See *Hill v. Hudspeth*, 161 Kan. 376, 168 P. 2d 922, where, a similar contention was made in a habeas corpus proceeding and in holding it lacked merit and could not be upheld, we said:

". . . We may observe again that it is better practice for a court upon accepting a plea of guilty to apprise an accused that he will be sentenced under the habitual criminal act and permit him to show cause, if he can, why such higher penalty should not be imposed but the failure to do so would constitute only a trial irregularity and trial irregularities cannot be corrected or reviewed on a petition for a writ of habeas corpus. (See G. S. 1935, 60-2213; *Franklin v. Westfall*, 27 Kan. 614; *In re White, Petitioner*, 50 Kan. 299, 32 Pac. 36; *In re Black, Petitioner*, 52 Kan. 64, 34 Pac. 414; *In re Corum*, 62 Kan. 271, 62 Pac. 661; *In re Nolan*, 68 Kan. 796, 75 Pac. 1025; and *In re Bundy*, 144 Kan. 64, 58 P. 2d 80.)" (pp. 382 and 383.)

We find nothing in the record which either warrants or requires the issuance of a writ. Therefore the relief sought by petitioner must be denied.

It is so ordered.

HALL, J., not participating.