Courtie U. BLAKESLEY, Appellant,

v.

Sherman H. CROUSE, Warden, Appellee.

No. 7656.

United States Court of Appeals
Tenth Circuit.

June 19, 1964.

Rehearing Denied July 17, 1964.

Thomas P. Hester, Oklahoma City, Okl., for appellant.

Richard H. Seaton, Asst. Atty. Gen. of Kansas (William M. Ferguson, Atty. Gen. of Kansas, on the brief), for appellee.

Before PHILLIPS and SETH, Circuit Judges, and ARRAJ, District Judge.

PER CURIAM.

This is an appeal from an order dismissing an application for a writ of habeas corpus by Blakesley, who was in custody under a sentence of a Kansas state court to imprisonment for the term of his natural life. From the application and copies of state court records attached thereto as exhibits, the following appears:

On March 30, 1946, Blakesley appeared in person and with John E. Powell, an attorney selected and employed by him, in a state court in Kansas, entered a plea of not guilty to a complaint, voluntarily waived a preliminary examination, and was bound over for trial in a state court for the offense charged in the complaint.

Thereafter, on April 2, 1946, Blakesley appeared in person and by his attorney, John E. Powell, and entered his voluntary plea of guilty to an information charging him with first degree murder. Thereupon, the state introduced evidence in the case, as required by G.S.Kan., 1943, 21–403. After such evidence had been presented, the court sentenced him to confinement in Kansas State Penitentiary during the term of his natural life.

In his application for the writ Blakesley set up two grounds: One, that he was charged by information and not by indictment and was thereby deprived of a federal constitutional right, and two, that his attorney, John E. Powell, was a resident of the State of Missouri and did not have associated and appearing with him in the case an attorney who resided in or maintained his law office within the judicial district of the State of Kansas, in which the action was pending, and who was duly and regularly admitted to practice in the courts of record of the State of Kansas.[1] Powell's competency to represent Blakesley was not otherwise challenged in the application.

The trial court dismissed the application on the record before him and without a hearing.

■■■ The first ground plainly was without merit. Under the constitution and the laws of Kansas a person may be charged for murder by an information and a charge by indictment is not required.[2] A prosecution by information in a state court is not a violation of either the Fifth or Fourteenth Amendment to the Constitution of the United States.[3]

■■■ Although it is not alleged in the application, we will assume that Powell was not licensed to practice in Kansas. He was an attorney selected by Blakesley, duly licensed to practice in the State of Missouri. He was permitted to represent Blakesley in the state court action. There no doubt could be cases where a Missouri lawyer might not be sufficiently familiar with Kansas law to competently represent a party in a proceeding in a Kansas court, but we think it could not be assumed that a member of the bar of Missouri could not properly investigate the case, determine and appraise the evidence that would probably be introduced against Blakesley, examine the Kansas Statutes defining murder, and

determine whether or not under the circumstances it would be best for Blakesley to enter a plea of not guilty. Moreover, we think that Blakesley, by appearing with Powell as his attorney and not requesting the appointment of a Kansas lawyer to be associated with Powell, waived the right, if any he had, to an attorney who resided in and was licensed to practice in the State of Kansas.

We conclude that the court rightfully dismissed the application without a hearing.

Affirmed.

1. See: Chapter 83, § 1, State of Kansas Session Laws, 1939.

2. G.S.Kan., 1949, 62-801; Sims v. Hudspeth, 166 Kan. 667, 203 P.2d 129.

3. Hurtado v. California, 110 U.S. 516, 4 S.Ct. 292, 28 L.Ed. 232; Gaines v. Washington, 277 U.S. 81, 86, 48 S.Ct. 468, 72 L.Ed. 793.