Louis A. DERRINGER and Gerald D. Peterson, Appellants,

v.

UNITED STATES of America, Appellee.

No. 20402.

United States Court of Appeals, Eighth Circuit.

May 10, 1971.

Harvey L. McCormick, Legal Aid & Defender Society of Greater Kansas City, Kansas City, Mo., for appellants.

Bert C. Hurn, U. S. Atty., Kansas City, Mo., and Frederick O. Griffin, Jr., Asst. U. S. Atty., for appellee.

Before JOHNSEN, VOGEL and ROSS, Circuit Judges.

PER CURIAM.

On October 25, 1967, appellants, Derringer and Peterson, were jointly tried and convicted on various charges of conspiracy to sell and the actual sale of narcotic and depressant drugs. This court affirmed their convictions. Peterson v. United States, 8 Cir., 1968, 405 F.2d 102, cert. denied, 1969, 395 U.S. 938, 89 S.Ct. 2003, 23 L.Ed.2d 453, rehearing den. 396 U.S. 870, 90 S.Ct. 43, 24 L.Ed. 2d 128. They now appeal the denial of a joint motion made to the District Court pursuant to 28 U.S.C.A. § 2255 to vacate their convictions and sentences. Only two issues of the many raised in the District Court are appealed: (1) That Derringer was denied effective assistance of counsel because his retained counsel at trial was not a member of the bar of the trial court, and that both men were denied effective assistance of counsel because they were not provided separate attorneys on their direct appeal; (2) that at the trial the government knowingly used perjured testimony in violation of the Due Process Clause of the Fifth Amendment. We find their contentions to be wholly without merit and affirm denial of the motion.

## I. EFFECTIVE ASSISTANCE OF COUNSEL

1. Derringer complains that his retained counsel at trial was not admit-

ted to the bar of the Western District of Missouri where the trial was held. Counsel was a member in good standing of the State Bar of Missouri and eligible for membership at the bar of the District Court. His failure to register and take the oath of that bar did not deprive Derringer of the effective assistance of counsel. "It is inconceivable that the failure to take this purely formal step caused any prejudice to appellant." United States v. Bradford, 2 Cir., 1956, 238 F.2d 395, 397, cert. denied 352 U.S. 1002, 77 S.Ct. 558, 1 L.Ed.2d 546. Derringer does not question the District Court's finding that the record of the trial proceedings reveals no evidence of ineffective assistance of counsel and that there is no evidence that the retained counsel was other than fully capable of effectively representing Derringer. Counsel's failure to apply for and obtain membership in the federal bar did not prejudice appellant. Farr v. United States, W.D.Mo., 1970, 314 F. Supp. 1125, 1132, affirmed per curiam, 8 Cir., 1971, 436 F.2d 975, application for cert. pending 402 U.S. ——, 91 S.Ct. 1639, 29 L.Ed.2d 116. See generally, Beto v. Barfield, 5 Cir., 1968, 391 F.2d 275, cert. denied 393 U.S. 888, 89 S.Ct. 205, 21 L. Ed.2d 166; Blakesley v. Crouse, 10 Cir., 1964, 332 F.2d 849, cert. denied 379 U.S. 949, 85 S.Ct. 446, 13 L.Ed.2d 546.

■ 2. Both appellants complain that the appointment of only one counsel (the same attorney who had been retained to represent Peterson at the trial) on direct appeal denied them their right to effective assistance of counsel. They now contend that one attorney could not have argued both the harshness of the length of Peterson's sentence (concurrent ten-year, five-year and one-year terms) in light of his co-defendant's sentence and at the same time argue the excessive nature of Derringer's sentence (concurrent terms of five years, two years and one year). We need not discuss the trial court's statement that cases involving the efficacy of dual representation at trial are not of value in analyzing issues of joint representation on appeal. No real conflict of interest or specific instance of prejudice resulted from one counsel representing both appellants on appeal and, consequently, no denial of effective counsel could have occurred. Any possible contentions concerning the excessiveness or disparity of their punishment could not have been successful in this court because their sentences were well within the statutory maximum. United States v. Mims, 8 Cir., 1971, 440 F.2d 643 at p. 645. In fact we have already upheld the propriety of Peterson's sentence. Peterson v. United States, 8 Cir., 1970, 432 F.2d 545. Representation by one counsel on direct appeal (and representation by one counsel on this motion) did not deny appellants any of their constitutional rights.

## II. USE OF PERJURED TESTIMONY

Both appellants complain that due process as guaranteed by the Fifth Amendment to the United States Constitution was violated because the government knowingly used perjured testimony to obtain the convictions. The alleged perjured testimony was that of an FBI informant and appellants' attack probably is actually directed at issues of credibility rather than the unlawful use of perjured testimony.

■ The District Court's order of March 12, 1970, allowed appellants to amend their § 2255 motion to allege any facts concerning the use of perjured testimony, although at that time the court was satisfied that the appellants had not met their burden of proof on this issue. In its order of May 21, 1970, the District Court held that the motion as amended failed to meet the burden of proof as appellants had therein admitted their lack of evidence as to the prosecutor's knowledge concerning the alleged perjured nature of the testimony presented at trial. Finally, on June 5, 1970, after an evidentiary hearing, the District Court noted that even if the testimony was perjured, it could not have had any material effect on the convic-

tions. We agree that appellants failed to meet their burden of proving (1) the use of perjured testimony and (2) knowledge by the prosecuting attorney that it was perjured. Sykes v. United States, 8 Cir., 1965, 341 F.2d 104; Holt v. United States, 8 Cir., 1962, 303 F.2d 791, cert. denied, 1963, 372 U.S. 970, 83 S.Ct. 1095, 10 L.Ed.2d 132. They are not entitled to § 2255 relief on these nearly frivolous claims which were fairly and fully heard and determined against them by the District Court.

Affirmed.